ARTHUR W. WALKER, APPELLEE, V. J. T. PATCH ET AL., APPELLANTS.

FILED DECEMBER 9, 1897.    No. 7666.

**Judicial Sales:** COPY OF APPRAISEMENT. In conducting a sale of real estate under the provisons of title 14, chapter 1, of the Code (sec. 476 *et seq.*), the officer must deposit in the office of the clerk of the court from which the writ or order under which he is proceeding issued, a copy of the appraisement and other papers mentioned and required in section 491*d* of the Code, prior to the advertisement of the notice of sale. (*Burkett v. Clark*, 46 Neb., 466.)

APPEAL from the district court of Douglas county. Heard below before FERGUSON, J.    *Reversed.*

*J. T. Patch*, for appellants.

*McCoy & Olmsted, contra.*

HARRISON, J.

In this, an appeal to this court from a decree of the district court of Douglas county of confirmation of a sale of real estate, it appears that no copy of the appraisement of the property had been filed in the office of the clerk of the district court prior to the advertisement of the property for sale. A copy of an appraisement was deposited with the clerk after the first publication of the notice of sale, and the appraisement evidenced by such copy was, on motion, set aside and a new one ordered, which was made and a copy thereof filed on the Saturday preceding the Monday, at 10 o'clock A. M., of which the sale was advertised to be, and was, made. In the matter of appraisement there was a noncompli-

ance with the requirements of the statute (Code, sec. 491*d*), and, in accordance with the rule announced in *Burkett v. Clark*, 46 Neb., 466, the sale was not 'proper and its confirmation must be set aside. The decree confirming the sale is reversed, the sale set aside, and the cause remanded for further proceedings.

REVERSED AND REMANDED.