HUGH DOAK, APPELLEE, V. JAMES REYNOLDS ET AL., APPELLANTS.

FILED APRIL 6, 1899.  No. 8853.

Executions: APPRAISEMENT: LIST OF LIENS. If in the appraisement of real estate preliminary to a sale thereof under execution or to carry out a decree of foreclosure no incumbrances are deducted, that no certificates of liens were obtained or filed is not a forceful objection for a defendant, the owner of the equity, to confirmation of the sale; but if incumbrances are deducted, certificates of the liens must be obtained and the copy of the appraisement, inclusive of applications for certificates of liens and the certificates, filed with the clerk of the district court prior to the advertisement of notice of the sale.

APPEAL from the district court of Harlan county. Heard below before BEALL, J.  *Reversed.*

*R. L. Keester*, for appellants.

*John Everson, contra.*

HARRISON, C. J.

In this, an action in the district court of Harlan county to foreclose a mechanic's lien, a decree was rendered and an order of sale of the premises, subjected to the operation of the lien, was issued, pursuant to the directions of which the sheriff of said county made a sale of the property, and after his return of the order objections to the confirmation of the sale were filed. On hearing, these objections were overruled and the sale confirmed. From the order of confirmation this appeal has been perfected.

The sale was of date March 2, 1896. The first publication of the notice of the sale was on January 30, 1896. One of the objections to the sale was that the requisite certificates of liens were not deposited or filed with the clerk of the district court prior to the publication of the notice of sale. The record discloses that the certificates of liens were filed March 2, 1896, the date of sale. It is provided by statute: "The officer holding such appraisement shall forthwith deposit a copy thereof, including his application to the officers enumerated in section three of this act, and their official certificates as in said section provided, in the office of the clerk of the court from which such execution issued." (Code of Civil Procedure, sec. 491d.) The provisions of the law are mandatory, and that they be observed is essential. (*Burkett v. Clark*, 46 Neb. 466; *First Nat. Bank of Broken Bow v. Hamer*, 51 Neb. 23; *Rowland v. Waugh*, 52 Neb. 358; *Walker v. Patch*, 52 Neb. 763.) It is true that where no incumbrances are deducted and no certificates of liens are obtained or filed, the defendants, owners of the equity, have no good reason to object, for it is not prejudicial; but if incumbrances are deducted, the certificates should be obtained and a copy of the appraisement, inclusive of applications for certificates and the certificates, filed at the prescribed time. (*Burkett v. Clark, supra.*)

There were other errors, or, to say the least, irregularities in the requisite preliminary proceedings of the sale, to which there were objections, which are now urged, but we do not deem it necessary to discuss them at this time. The order of confirmation must be reversed and the cause remanded. The sale should be set aside.

REVERSED AND REMANDED.