GLOBE LOAN & TRUST COMPANY, APPELLEE, V. ORLANDO
S. WOOD ET AL., APPELLANTS.

58 395
62 816

FILED APRIL 6, 1899.   No. 8856.

Executions: APPRAISEMENT: LIST OF LIENS. The provisions of section
491d of the Code of Civil Procedure, to the effect that a copy of
an appraisement of real estate to be sold at judicial sale, inclu-
sive of the applications to certain officers for certificates of liens
and such certificates, shall be forthwith deposited in the office
of the clerk of the proper court, are mandatory, and unless there
is a compliance therewith prior to the advertisement of the
notice of sale, any sale made may be vacated.

APPEAL from the district court of Douglas county.
Heard below before FERGUSON, J. *Reversed.*

*L. D. Holmes,* for appellants.

*G. W. Shields, F. C. O'Hollaren,* and *Saunders & Macfar-
land, contra.*

HARRISON, C. J.

An appeal has been perfected herein from an order of
confirmation of a sale of real estate made pursuant to a
decree of foreclosure of a mortgage.   Objections were
made to the appraisal, also the confirmation of the sale.
On hearing, the objections were overruled and a motion
to confirm the sale was sustained and the order appealed
from was entered.   One objection interposed to the ap-
praisal was that no certificates of the proper officers in
regard to the liens which were deducted as incumbrances
were obtained and filed as required by law.   Section
491d of the Code of Civil Procedure provides: "The officer
holding such appraisement shall forthwith deposit a copy
thereof, including his application to the officers enumer-
ated in section three of this act, and their official cer-
tificates as in said section provided, in the office of the
clerk of the court from which such execution issued."

The requirements of the portion of the section of the Code just quoted are mandatory, and a non-compliance therewith may furnish cause for setting aside an order of confirmation of a sale and the sale. If liens are deducted in making the appraisement, the certificates should be obtained and filed as required, prior to the advertisement of the sale. (*Burkett v. Clark*, 46 Neb. 466; *First Nat. Bank of Broken Bow v. Hamer*, 51 Neb. 23; *Reuland v. Waugh*, 52 Neb. 353; *Walker v. Patch*, 52 Neb. 763.)

There were other objections to the appraisal and to confirmation of the sale presented in the district court which are argued here, but we do not deem their discussion essential at this time. For the reason indicated herein the order of confirmation is reversed and the cause remanded. The sale should be vacated.

REVERSED AND REMANDED.