GEORGE BROWN V. STATE OF NEBRASKA.

[FILED NOVEMBER 5, 1891.]

**Robbery:** CHARGE OF, WILL SUSTAIN A CONVICTION OF LAR-
CENY FROM PERSON. Section 13 of the Criminal Code provides,
that "If any person shall forcibly, and by violence, or by putting
in fear, take from the person of another any money or personal
property of any value whatever, with the intent to rob or steal,
every person so offending shall be deemed guilty of robbery, and
upon conviction thereof shall be imprisoned in the penitentiary
not more than fifteen nor less than three years." This section
took effect in 1873. In 1887 the legislature passed an act
which declares that "Every person who steals property of any
value by taking the same from the person of another without
putting said person in fear by threats or the use of force and
violence, shall be deemed guilty of grand larceny, and shall,
upon conviction thereof, be punished by confinement in the
penitentiary for not less than one nor more than seven years."
*Held,* That the charge of robbery includes the offense of stealing
from the person without force and violence or putting in fear,
and that under an information for robbery the accused may be
convicted of stealing from the person.

ERROR to the district court for Douglas county. Tried
below before CLARKSON, J.

*J. L. Kaley,* for plaintiff in error, cited, contending that
on an information drawn under sec. 113*a*, Criminal Code,
the accused could not be convicted of robbery : 2 Bishop,
Crim. Law, sec. 1166; 1 Wharton, Crim. Law, sec. 854;
2 Archibald, Crim. Prac. & Pl., 1290; *Shinn v. State,* 64
Ind., 13; *McCloskey v. People,* 5 Parker, Crim. Rep.
[N. Y.], 305.

*George H. Hastings, Attorney General, contra,* cited, as
to the definition of larceny: 2 East, P. C., 553; *Hickey
v. State,* 23 Ind., 21. Robbery is a form of compound
larceny: 2 Bishop, Crim. Law., 757; *Hickey v. State,* 23

Ind., 21. A charge of robbery will sustain a conviction of larceny: *Stevens v. State,* 19 Neb., 647; 2 Bishop, Crim. Law, 1156; 1 Wharton, Crim. Law, secs. 846, 856; *State v. Arnold,* 31 Neb., 75.

MAXWELL, J.

The plaintiff in error was found guilty of grand larceny, and sentenced to imprisonment in the penitentiary for two years. The errors assigned relate to the giving and refusing certain instructions. The information is as follows:

"Of the May term of the district court of the third judicial district of the state of Nebraska, within and for the county of Douglas and state of Nebraska, in the year of our Lord 1890.

"I, Timothy J. Mahoney, county attorney in and for the county of Douglas, in said state of Nebraska, who prosecutes for and in behalf of said state, in the district court of said district sitting in and for said county of Douglas, and duly empowered by law to inform of offenses committed in said county of Douglas, come now here, in the name and by the authority of the state of Nebraska, and give the court to understand and be informed that on the 6th day of May, A. D. 1890, George Brown, late of the county of Douglas aforesaid, in the county of Douglas and state of Nebraska aforesaid, then and there being, did then and there in said county, in and upon one Mrs. Anna M. Kervan, unlawfully, forcibly, and with violence make an assault, and her the said Mrs. Anna M. Kervan in bodily fear then and there feloniously did put, and from the person and against the will of her the said Mrs. Anna M. Kervan then and there feloniously, forcibly, and by violence did steal, take, and carry away one pocketbook of the value of $1.50, and eighty-five cents lawful money of the United States of the value of eighty-five cents, all being of the value of $2.35, the property of the said Mrs. Anna M. Kervan, with the intent then and there to steal,

take, and carry said property away, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Nebraska."

Section 13 of the Criminal Code provides: "If any person shall forcibly and by violence, or by putting in fear, take from the person of another any money or personal property, of any value whatever, with the intent to rob or steal, every person so offending shall be deemed guilty of robbery, and upon conviction thereof shall be imprisoned in the penitentiary not more than fifteen nor less than three years."

Section 113a provides: "Every person who steals property of any value by taking the same from the person of another without putting said person in fear by threats or the use of force and violence, shall be deemed guilty of grand larceny, and shall, upon conviction thereof, be punished by confinement in the penitentiary for not less than one nor more than seven years."

The court instructed the jury as follows:

"In order to convict the defendant of a robbery you must be satisfied from the evidence, beyond a reasonable doubt, of the truth of the following propositions:

"First—That he took the property described in the information, or some part of said property, from the person of Anna M. Kervan.

"Second—That such taking was done by force and violence or by putting said Anna M. Kervan in bodily fear.

"Third—That such taking was done by defendant with the intent to feloniously rob said Anna M. Kervan and to steal said property, take it away, and convert the same to his own use and against the will and without the consent of the said Anna M. Kervan.

"Fourth—That Anna M. Kervan was the owner of said property so taken, that it had some value, and that the taking was in Douglas county, Nebraska, and on or about said 6th day of May, 1890.

"Should you find from the evidence, beyond a reasonable doubt, that each and every of the foregoing propositions are true, it is your duty to convict of robbery as charged in the information.

"Seventh—It is permissible under this information, if in your opinion the evidence justifies and warrants you in so doing, to find the defendant guilty of larceny from the person. The putting in bodily fear, or the use of force and violence, is not a necessary element in the crime of larceny from the person, but the felonious taking and carrying away from the person, with the intent to convert property to his own use and against owner's consent, are necessary."

The plaintiff asked the following instruction, which was refused:

"The jury are instructed that if you find from the evidence that the defendant took the property described in the information from Anna M. Kervan, against her will, but did not first put said Kervan in fear, and did not use any force or violence, except such as constitutes the sudden snatching of said property from said Kervan, you will not be warranted in finding the defendant guilty as charged in the information, but may find him guilty of larceny."

The question of the validity of sec. 113a was before this court in *State v. Arnold,* 31 Neb., 75, and the statute sustained. The latter statute was passed to reach the case of pickpockets, who, prior to the passage of the act, had comparative immunity from punishment. (*State v. Arnold, supra.*) Robbery is the felonious and forcible taking from the person of another goods or money of value by violence, or putting in fear. (4 Blacks. Comm., 243; 2 Bouv. Law Dict., 488.) The crime of stealing from the person is not as heinous a crime as that of robbery, but it possesses some of the elements of robbery; in other words, it is of the same nature but does not go as far as robbery. To the extent of taking from the person of another money or other valuable things, both offenses are alike and both are

punishable in the penitentiary.    The crime of robbery cer-
tainly includes the crime of stealing from the person, and
where such is the case, the jury may find the accused not
guilty of the higher offense and guilty of a less one.

There was no error, then, in giving and refusing the in-
structions referred to.    There is no error in the record and
the judgment is

AFFIRMED.

THE other judges concur.