George Brown v. State of Nebraska.

[Filed April 7, 1892.]

1. **Criminal Law:** Larceny from Person. By the provisions of chapter 103, Laws 1887, section 113a, Criminal Code, larceny from the person is an independent substantive crime, and is a felony without regard to the value of the property stolen.

2. ———: Robbery: Larceny. In a prosecution for robbery, where the evidence tends to prove larceny from the person only, and there is no evidence or contention on the part of the accused that the property in question was stolen, otherwise than from the person of the party named in the information, it is not error to instruct the jury that they cannot convict of petit larceny.

Rehearing of case reported 33 Neb., 354.

*J. L. Kaley*, for plaintiff in error.

*George H. Hastings, Attorney General, contra.*

Post, J.

We have carefully re-examined all the questions argued in this case and are satisfied with the conclusion reached on the former hearing. There are but two points relied upon, apparently:

First—That on an indictment for robbery the accused cannot be convicted of larceny from the person.

Second—That the court erred in giving instruction No. 12 on its own motion.

It was held in *Stevens v. State*, 19 Neb., 647, that on an indictment for robbery the accused could be convicted of grand larceny on the ground that the robbery is the greater crime and includes the larceny. The power of the legislature to add to the list of felonies will not be seriously questioned. This it has done by making larceny from the person a felony. It is in one sense larceny of a higher

Brown v. State.

grade, since it is a felony without reference to the amount or value of the property stolen. It is an independent substantive crime. It is declared to be, and is, larceny, and there is no reason why the rule announced in *Stevens v. State* is not applicable to this case.

The twelfth instruction is as follows: "You cannot, under the law and the evidence in this case, find the defendant guilty of petit larceny." We do not understand the instruction to mean that there could in no case be a conviction for petit larceny on an indictment for robbery, but that under the evidence or admissions they should not convict of petit larceny in that case. The evidence was not preserved, and we cannot say that the instruction was not warranted by the proofs. In a prosecution for robbery, where the evidence tends to prove a larceny from the person only, it is not error to instruct the jury that they cannot find the accused guilty of petit larceny. If there is any evidence which tends to show that the larceny proved was not from the person of the party named in the indictment, or if there is any controversy on that point, the question should be left to the jury to say whether the larceny was from the person, or simply larceny only. If larceny from the person, it is a felony, regardless of the amount or value of the property stolen. If it is simply larceny, the grade of the offense is determined by the value of the property stolen. There is no error apparent from the record and the judgment is

AFFIRMED.

THE other judges concur.