HERMAN F. GRANGER v. STATE OF NEBRASKA.

FILED OCTOBER 6, 1897. No. 9364.

1. **Statutes:** EXPEDIENCY. A statute will not be declared invalid merely because the court may deem the provisions thereof unwise or inexpedient.

2. TITLE AND SUBJECT. Chapter 77, Laws, 1895 (Criminal Code, sec. 117*a*), embraces but one subject of legislation, and the same is with sufficient clearness expressed in the title.

3. ———: CATTLE STEALING. Said act is complete in itself, was not intended to, and did not, amend either sections 114, 119, or 120 of the Criminal Code. Its purpose was to create an independent substantive crime, and provide a penalty therefor.

ERROR to the district court for Sheridan county. Tried below before KINKAID, J. *Affirmed.*

*R. C. Noleman,* for plaintiff in error.

*C. J. Smyth, Attorney General,* and *Ed P. Smith, Deputy Attorney General,* for the state.

POST, C. J.

This was a prosecution for stealing a cow. The principal ground urged for a reversal is that the act of the legislature of 1895, under which the defendant was con-

victed, is unconstitutional and void.    The act in question is chapter 77, Laws, 1895 (Criminal Code, sec. 117a), and reads as follows:

"An act to punish cattle stealing and to punish persons receiving or buying stolen cattle, and to punish all persons harboring or concealing cattle thieves.

"*Be it Enacted by the Legislature of the State of Nebraska:*

"Section 1. If any person shall steal any cow, steer, bull, or calf, of any value, or if any person shall receive or buy any cow, steer, bull, or calf, that shall have been stolen, knowing the same to have been stolen, with intent by such receiving or buying to defraud the owner,    *    *    * or if any person shall conceal any cow, steer, bull, or calf, knowing the same to have been stolen, every such person so offending shall be imprisoned in the penitentiary not more than ten, nor less than one year."

It is suggested in the brief that this "act is a vicious one, and possesses no point whereby it impresses the court to uphold it."    We cannot yield assent to the proposition; nevertheless, if it be true that the law is not a wise one, it is no reason why the courts should declare it invalid.    The argument made by counsel against the statute under consideration would have been more appropriate were it addressed to the lawmaking body, as the constitution has not conferred upon this court the power to repeal laws, but the authority to interpret and enforce them in proper cases.

It is insisted that the act referred to is repugnant to section 11, article 3, of the constitution, which declares that "no bill shall contain more than one subject, and the same shall be clearly expressed in its title."   The object of the law is single.    The act makes the stealing of cattle a crime and provides a penalty for the same.    All the provisions of the law are germane to the subject of legislation,—cattle stealing.    Whether there is any merit in the suggestion that there is nothing in the title to the act to warrant the provision in the body of the law mak-

ing it a crime to conceal any cow, knowing the same to have been stolen, it is unnecessary to determine, since the defendant has not been convicted of that offense. The act under consideration is not amendatory of sections 114, 119, and 120 of the Criminal Code, but it defines a new crime and prescribes a penalty therefor. (*State v. Arnold*, 31 Neb., 75; *Brown v. State*, 33 Neb., 354; 34 Neb., 448.)

Lastly, it is urged that this prosecution was under a special law, and the information is defective, for the reason it failed to mention said statute. The only answer which need be made to this contention is that the act of 1895 is not a special law, but is general in its scope and purpose, hence it was not required to be pleaded and proven. The judgment is

AFFIRMED.