LEROY ALYEA v. STATE OF NEBRASKA.

FILED JUNE 19, 1901.   No. 11,845.

1. Information for Felonious Assault in Language of Statute Is Sufficient. An information for an assault with intent to commit great bodily injury, framed under section 17b of the Criminal Code, is sufficient where the offense is charged in the language of the statute, without stating the means with which the assault was committed.

2. Conviction of Lesser Offense: AVERMENT OF BATTERY. A conviction of an assault and battery is improper under an information charging an assault with intent to inflict great bodily injury, where the averments therein do not include a battery.

ERROR from the district court for Madison county. Tried below before CONES, J. *Reversed.*

*William V. Allen* and *Willis E. Reed*, for plaintiff in error.

*Frank N. Prout, Attorney General*, and *Norris Brown, Deputy*, for the state.

NORVAL, C. J.

Leroy Alyea was tried upon an information charging him with making a felonious assault upon one Peter F. Sullivan with intent to inflict great bodily injury, convicted of an assault and battery, and sentenced to the county jail for the period of thirty days.

The first assignment of error challenges the sufficiency

of the information, the charging part of which is as follows: "That the defendant, Leroy Alyea, then and there being in said county and state, on or about the seventh day of July in the year of our Lord nineteen hundred, in and upon Peter F. Sullivan, then and there being, unlawfully and maliciously did make an assault with intent of him, the said Leroy Alyea, thereby then and there to inflict great bodily injury upon him the said Peter F. Sullivan." The information was framed under section 17b of the Criminal Code, and charges the offense in the language thereof. But it is strenuously insisted that this is insufficient, since the act creating the offense designates no particular fact or facts in defining the offense; further, the particular facts constituting the assault should have been set forth in the information. The precise question now urged upon our attention was passed upon adversely to the contention of the learned and distinguished counsel for the prisoner in *Murphey v. State,* 43 Nebr., 34, 38, and *Smith v. State,* 58 Nebr., 531. It was ruled in those cases that in a prosecution under section 17b of the Criminal Code the information is sufficient which charges the offense in the language of the statute. The information in the case at bar follows the wording of the statute, and under those decisions, which we adhere to, is sufficient in substance.

It is next urged that the crime of assault and battery, of which the defendant was convicted, is not embraced or included in the offense charged in the information. This, we think, is true. The information alleges an assault, but not a battery. If the latter had been averred in the information, the charge would have been sufficiently broad to have sustained a conviction for an assault and battery. *Mulloy v. State,* 58 Nebr., 204. But as the information contains no averment of a battery, the conviction can not stand. *Turner v. Muskegon,* 50 N. W. Rep. (Mich.), 310.

The judgment is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.