## CLYDE LONGSINE V. STATE OF NEBRASKA.

FILED DECEMBER 23, 1920. No. 21584.

1. **Information: JOINDER.** It is incompetent to charge a defendant with a felony punishable by 20 years' imprisonment in the penitentiary, and join with that charge a charge of a misdemeanor, punishable only by a fine and jail sentence, when the lesser charge is not wholly proved by evidence properly introduced upon the greater.

2. ———: **SUFFICIENCY: DELINQUENCY.** An information which charges that the defendant "did then and there encourage, cause and contribute to the delinquency of one Ella Genevieve Meyers by giving her money and by enticing and inducing her to leave her home and run away with him, the said Ella Genevieve Meyers being a delinquent child as defined by the statutes of Nebraska," does not charge an offense under section 1263, Rev. St. 1913, in that the acts described as constituting the offense are not among those constituting the offense as enumerated in section 1244, Rev. St. 1913.

3. **Criminal Law: DELINQUENCY: ADMISSION OF RECORD.** It is an axiom of the law that a defendant shall not be affected by proceedings to which he is a stranger. He must have been directly interested in the subject-matter of the proceedings, with the right to make defense, to adduce testimony, to cross-examine the witnesses on the opposite side, to control in some degree the proceedings, and to appeal from the judgment. 10 R. C. L. 1117, sec. 323.

ERROR to the district court for Furnas county: CHARLES E. ELDRED, JUDGE. *Reversed.*

*Lambe & Butler,* for plaintiff in error.

*Clarence A. Davis, Attorney General,* and *Mason Wheeler, contra.*

ALDRICH, J.

The defendant, Clyde Longsine, is prosecuting his appeal from a conviction in March, 1920, in the district court for Furnas county for an alleged contribution to the delinquency of Ella Meyers, a fourteen-year old girl. Defendant was sentenced to 30 days in jail and a fine of $300 and costs.

_Longsine v. State._

The information had two counts, one charging kidnapping or child stealing and the second count thereof charging contribution to delinquency in violation of section 1263, Rev. St. 1913.

The information charges the defendant with a felony under one section of the statute and with a misdemeanor under another. These charges vary widely in the degree of punishment. Child stealing or kidnapping is punishable by imprisonment in the penitentiary for a period of 20 years, and a violation of section 1263, Rev. St. 1913, is simply a misdemeanor punishable by a fine not exceeding $500, or imprisonment in the county jail not exceeding six months, or both. It is illegal to charge defendant with a felony carrying with it a sentence second only to murder, and join that charge with a misdemeanor punishable only by fine and jail sentence, and under different sections of the statute. The defendant is handicapped in defending the charge of kidnapping carrying with it the enormous penalty, and being at the same time charged with contributing to the delinquency of a female child. It does not matter that the jury acquitted him of the larger crime. The burden of the defense of the larger crime was imposed upon him, and he had to labor against the prejudice of a heinous crime, which in the eyes of the jury might import guilt under the lesser crime. The county attorney on motion should have elected upon which count he would proceed.

In the matter of the information there is the more serious criticism that it does not charge a crime under the statute. It will be noted that the information charges that the defendant "did then and there encourage, cause and contribute to the delinquency of one Ella Genevieve Meyers by giving her money and by enticing and inducing her to leave her home and run away with him, the said Ella Genevieve Meyers being a delinquent child as defined by the statutes of Nebraska." It has frequently been held by this court that an information laid in the terms of the statute is a sufficient description of the offense in an information. But when the information goes further and describes

the specific acts upon which the pleader relies as constituting the offense, and when such specific acts are not among those described in section 1244, Rev. St. 1913, as constituting an offense, the information does not state an offense under the statute. A comparison of the various acts constituting delinquency under section 1244, *supra*, with the information will clearly disclose that giving the delinquent child money and "enticing and inducing her to leave her home and run away with him" is not one of the acts declared to be an offense.

The information charges him with giving the delinquent money, while the statute provides specifically and definitely the particular acts or things which are necessary and essential to support the charge of delinquency. There is nothing in this information which imputes in any way any particular offense under the statute, and for this reason the information was insufficient, and in the particular of delinquency did not charge a violation of section 1263, *supra*.

The county attorney in this case introduced in evidence the record made by the county judge against Ella Meyers when she was accused and convicted of delinquency after the arrest of the defendant. Such a procedure is contrary to the constitutional provisions of our state. The accused is accorded the genuine American right to have an opportunity to see and cross-examine the witnesses against him. Here the trial court resorted to the remarkable procedure of allowing necessary and essential facts to be proved against defendant by resorting to an *ex parte* proceeding to which this defendant was not a party. This is contrary to the well-considered case of *State v. Weil,* 83 S. Car. 478, 26 L. R. A. n. s. 461. The note to that case in 26 L. R. A. n. s. 461, is very instructive. It is as follows: "A judgment for or against an accused person is not admissible in a criminal prosecution wherein he is prosecuted for the transaction involved in a civil proceeding, since the parties in the two actions are not identical, and the judgment in the civil action is rendered on a mere

Longsine v. State.

preponderance of the evidence, which would not be sufficient in a criminal cause to satisfy the jury beyond a reasonable doubt." This was a well-considered case and correctly lays down the law. Depositions or *ex parte* affidavits taken in a civil proceeding are not admissible in evidence to prove the guilt or innocence of one who is charged with the commission of an act which is quasi-criminal. The accused in this case did not waive his constitutional right to confront the witnesses against him, nor does the record show that he had an opportunity to confront and cross-examine them.

It may be said to be "an axiom of the law that no man shall be affected by proceedings to which he is a stranger. * * * He must have been directly interested in the subject-matter of the proceedings, with the right to make defense, to adduce testimony, to cross-examine the witnesses on the opposite side, to control in some degree the proceedings, and to appeal from the judgment. Persons not having these rights are regarded as strangers to the cause." 10 R. C. L. 1117, sec. 323. *Fitzhugh v. Croghan,* 2 J. J. Marsh. (Ky.) * 429, 19 Am. Dec. 139; *Smith v. White,* 14 L. R. A. n. s. 530; *People v. Pierro,* 17 Cal. App. 741.

Other errors are alleged, but it is unnecessary to discuss them. Those errors mentioned and discussed go to the foundation of the charge herein made. The judgment or finding must be reversed and remanded, for it is contrary to fundamental law and justice.

REVERSED AND REMANDED.

MORRISSEY, C. J., and LETTON, J., not sitting.