STATE OF NEBRASKA, APPELLEE, v. THOMAS ROWE JONES, APPELLANT.

183 N. W. 2d 235

Filed January 22, 1971. No. 37560.

Edward F. Carter, Jr., for appellant.

Clarence A. H. Meyer, Attorney General, and Calvin E. Robinson, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

BOSLAUGH, J.

The defendant, Thomas Rowe Jones, appeals from a conviction for leaving the scene of a personal injury accident in violation of section 39-762, R. R. S. 1943. The assignments of error relate to the instructions to the jury and the refusal to grant a mistrial at the close of the argument to the jury.

The accident occurred at about 8:30 p.m., on June 12, 1969. Dan Curran, a boy 15 years of age, and two

other boys were walking south on Memorial Drive in Lincoln, Nebraska. There is no sidewalk along Memorial Drive where the accident happened. The boys were walking abreast with Dan on the right side walking in the street near the east curb.

When Dan was about 300 feet north of South Street, an automobile operated by the defendant, which was proceeding south on Memorial Drive at approximately 30 miles per hour, struck Dan injuring him seriously. The defendant did not stop at the scene of the accident or comply with any of the requirements of section 39-762, R. R. S. 1943, which provides as follows: "The driver of any vehicle involved in an accident upon either a public highway, private road, or private drive, resulting in injury or death to any person, shall (1) immediately stop such vehicle at the scene of such accident, (2) give his name, address, and the registration number of his vehicle and exhibit his operator's or chauffeur's license to the person struck or the driver or occupants of any vehicle collided with, and (3) render to any person injured in such accident reasonable assistance, including the carrying of such person to a physician or surgeon for medical or surgical treatment if it is apparent that such treatment is necessary or is requested by the injured person. Any person violating any of the provisions of this section shall upon conviction thereof be punished as provided in section 39-763."

The defendant was subsequently identified as the driver of the automobile through police investigation.

The defendant contends that the trial court should have instructed as to the offense of leaving the scene of a property damage accident on the theory that it was a lesser included offense. The contention is without merit.

A lesser included offense is one which includes some of the elements of the crime charged without the addition of any element irrelevant to the crime charged. State v. McClarity, 180 Neb. 246, 142 N. W. 2d 152. The offense of leaving the scene of a property damage acci-

dent, which is defined in section 39-762.01, R. R. S. 1943, includes some of the elements of the offense of leaving the scene of a personal injury accident but also includes "damage to property" which is irrelevant to a charge under section 39-762, R. R. S. 1943. Thus, the trial court correctly refused the requested instruction.

The defendant admitted that he knew there had been an accident but claimed that he did not know there had been a personal injury. The evidence, however, was clearly sufficient to sustain the finding by the jury that the defendant knew there had been a personal injury in the accident.

In instruction No. 6 the trial court advised the jury that a material element of the offense charged was that "the defendant had knowledge of such personal injury accident." The defendant contends that the court should have divided the element of knowledge so that knowledge of an accident and knowledge of an injury would have been submitted as separate elements. The defendant, however, did not request that such an instruction be given.

The instruction given was adequate to submit the element of knowledge to the jury and was not erroneous in the absence of a request for a more specific instruction. See State v. Lewis, 184 Neb. 111, 165 N. W. 2d 569.

In his closing argument the deputy county attorney referred to the fact that a party some 200 feet from the scene of the accident heard something which he attributed to the accident. At the close of the argument the defendant moved, unsuccessfully, for a mistrial on the ground that there was no evidentiary basis for the argument.

Pierre Beau, one of the boys who had been walking with Dan when the accident occurred, testified that after the impact he ran to a house that was "back north several yards" and "pretty far from the street" to call for an ambulance. Pierre also stated that the man in the house said, after he had been told that there was an

accident: " 'I thought I heard something' " or words to that effect.

Myron Carkoski, a police officer who investigated the accident, testified that he located the point of impact by measuring from the drive to the residence located at 1840 Memorial Drive, and that the residence was approximately 200 feet from where the accident occurred.

The record shows a factual basis for the argument of the deputy county attorney. An argument which is based on evidence and inferences drawn therefrom is ordinarily not misconduct. Cramer v. State, 145 Neb. 88, 15 N. W. 2d 323. The motion for mistrial was properly overruled.

The judgment of the district court is affirmed.

AFFIRMED.