DALE L. CERTAIN v. STATE OF INDIANA.

[No. 671S189.   Filed August 31, 1973.]

Samuel E. Beecher, Jr., of Terre Haute, for appellant.

Theodore L. Sendak, Attorney General, Stephen J. Cuthbert, Deputy Attorney General, for appellee.

GIVAN, J*—Appellant was charged by affidavit in two counts: Count I, unlawful possession of a narcotic drug, and Count II, unlawful possession and control of a narcotic drug with intent to barter, exchange, sell and dispense to another. The substance which appellant was alleged to have had in his possession was marijuana, which at that time was included in the narcotic drug statute. IC 1971, 35-24-1-1 (14) (a), Burns Ind. Ann. Stat., 1971 Supp., § 10-3519 (14) (a). A 1971 amendment to the statute excluded "cannabis" from the list of narcotic drugs. Trial by jury resulted in a finding of guilty as to Count I. He was accordingly sentenced to the Indiana State Reformatory for a period of not less than two nor more than ten years and fined $1,000.

The record reveals the following evidence:

At approximately 12:30 P.M. on October 20, 1970, Detective Lloyd Heck of the Indiana State Police and nine other police officers went to the home of appellant near Rockville, Indiana, with a search warrant. Upon arriving at the house, the officers first announced their presence by stating, "Police Department." Then an officer entered the home through a back door. This officer unlocked the front door and let the remaining officers in.

The search warrant was first read to the appellant, then a search in the downstairs area of the house revealed a box of prepared marijuana leaves. At that time the appellant stated, "What you're looking for is upstairs." The officers went to the upstairs area where they found approximately sixteen pounds of marijuana in sacks for drying.

The appellant was given the usual constitutional warnings,

* This case was reassigned from another Justice to the writer of the opinion on May 16, 1973.

after which he told the officers that he had picked the marijuana near South Bend and brought it to his home to cure.

Appellant first attempts to raise for the first time on appeal issues which were not included in his motion to correct errors. These issues are: 1) that he was inadequately represented by counsel; 2) that his arrest warrant was not based on a proper probable cause hearing; 3) that the search warrant should have been suppressed as not being based on sufficient probable cause and as being improperly served; 4) that IC 1971, 35-24-1-1 (14) (a), Burns Ind. Ann. Stat., 1971 Supp., § 10-3519 (14) (a) is unconstitutional in that it is too vague and uncertain. Inasmuch as these questions were not presented to the trial court they will not be considered by this Court under Ind. Rules of Proc., Rule TR. 59 (G) and Rule CR. 16.

Appellant next argues that the trial court erred in refusing a change of venue from the county when, during the trial, the local newspaper published a series of articles on drug abuse. However, appellant has made no claim nor pointed to anything in this record to indicate that the article mentioned the appellant or his pending trial. There is no indication that any juror read the articles or that if any did read them, they were prejudiced thereby. There is nothing in this record to indicate that the trial court abused his discretion in denying appellant's motion for change of venue.

Appellant next urges that the trial court erred in refusing to reduce his bond from $10,000. Such is not a proper issue on an appeal on the merits.

At the time the trial court ruled on appellant's petition to reduce bail, that portion of the case had terminated, and the trial court's decision on that issue was a final judgment which was appealable. *Bozovichar v. State* (1952), 230 Ind. 358, 103 N. E. 2d 680.

At this stage of the proceedings, the question of the amount of bail only becomes pertinent if this case is to be reversed

and returned to the trial court for further proceedings. However, even in that event this Court will not presume to pass on such a question unless the evidence heard on appellant's petition for reduction of bail is brought into this record by a special bill of exceptions. See *Baker* v. *State* (1956), 236 Ind. 55, 138 N. E. 2d 641.

Appellant next argues the court erred in giving State's Instruction No. 2, which reads as follows:

"I submit this case to you, with the confidence that you will faithfully discharge the grave duty resting upon you, bearing in mind that the liberty of the accused is not to be trifled away, nor taken by careless or inconsiderate judgment, but if after a careful consideration of the law and the evidence in the case, you are satisfied beyond a reasonable doubt that the defendant, Dale L. Certain is guilty, you should return your verdict accordingly. Duty demands it and the law requires it. You must be just to the defendant and equally just to the State. As manly, upright men and women charged with the responsible duty of assisting the Court in the administration of justice, you will put aside all sympathy and sentiment, and look alone to the law and the evidence in the case, and return into court such a verdict as is warranted thereby."

It is appellant's contention that the above instruction mandated the jury to return a verdict for the State. A reading of the instruction, however, shows that it requires the jury to be fair to both the State and the defendant and to render a verdict in accord with the evidence and the law. We hold that State's Instruction No. 2 is a proper instruction, and that the trial court did not err in reading the instruction to the jury.

Appellant next claims the trial court erred in refusing to give Defendant's Instruction No. 10, which reads as follows:

"The statute of the state [sic] of Indiana, thus defines violation of the Uniform Narcotic Drug Act as follows:

"Burns' Indiana Statutes, Annotated, Section 10-3520. Acts Prohibited. —(a) 'it shall be unlawful for any person to manufacture, possess, have under his control, sell, prescribe, administer, dispense, compound or use

any narcotic drug or drugs except as authorized in the laws of the United States or the State of Indiana, or for any person to be found in a public place under the influence of narcotic drugs.'

"The penalty for the above violation is as follows:

"Burns' Indiana Statutes, Annotated, Section 10-3538. Penalties.— (c)   'Any person who possesses or has under his control any narcotic drugs except as authorized under the laws of the United States or the State of Indiana, shall upon conviction be fined not more than one thousand dollars ($1000) and be imprisoned for not less than two (2) years nor more than ten (10) years.'

"An included offense under the Uniform Narcotic Drug Act is defined as follows:

"Burns' Indiana Statutes, Annotated, Section 10-3531. Common *nuisance.* —'Any store, shop, warehouse, dwelling house, apartment, building, vehicle, boat, aircraft, or any place whatever, which is used by any person for the purpose of illegally using any narcotic drugs or which is used for the illegal keeping or selling of the same shall be deemed a common nuisance.'

"The penalty for the above violation is as follows:

"Burns' Indiana Statutes, Annotated, Section 10-3538 Penalties. —(h)  'Any person who upon conviction is found to have violated section 13 (10-3531) of this act shall be guilty of a misdemeanor and shall not be fined less than twenty-five [sic] ($25.00) nor more than one hundred dollars ($100), and may be imprisoned for a period of not more than six (6) months.'

"If you find the defendant guilty and have a reasonable doubt as to whether he is guilty of the offense as stated in Section 10-3520, then it is your duty to find him guilty of the included offense as stated in Section 10-3531."

An accused is not entitled to an instruction with reference to an offense which is not a lesser included offense. To be a lesser included offense, it must be such that it is impossible to commit the greater offense without first having committed the lesser offense. *Cook* v. *State* (1972), 258 Ind. 667, 284 N. E. 2d 81, 31 Ind. Dec. 558.

The elements of keeping a common nuisance are: 1) using, 2) a place, 3) for keeping, selling, or using, 4) illegal, 5) narcotic drugs.

The elements of illegal possession of narcotic drugs are: 1) possession or control, 2) of a narcotic drug, 3) without authorization.

It is thus clear that keeping a common nuisance  is not a lesser included offense of illegal possession of narcotics.

The trial court did not err in refusing to give appellant's Instruction No. 10.

We find no reversible error in this record.

The trial court is, therefore, affirmed.

Arterburn, C.J., and Hunter and Prentice, JJ., concur; DeBruler, J., dissents without opinion.

NOTE.—Reported in 300 N. E. 2d 345.