STATE OF NEBRASKA, APPELLEE, V. DANA C. JACOBS, APPELLANT.

219 N. W. 2d 768

Filed July 5, 1974. No. 39387.

G. Randolph Reed, for appellant.

Clarence A. H. Meyer, Attorney General, and Betsy G. Berger, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

McCOWN, J.

The defendant was charged with robbery "forcibly and by violence." He was found guilty by a jury and sentenced to 3 years imprisonment.

Paul Garcher was a 59-year-old traveling salesman who was in the Scottsbluff area and registered at the Quality Courts Motel on the evening of June 28, 1973. After dinner at the Flame Lounge, he met two young men, the defendant, Dana Jacobs, and Levi Messman, outside a bar in Scottsbluff. After spending some time in that bar, they proceeded to another bar. At the bar Garcher asked for help in securing girls. The evidence indicates that the defendant and Messman both attempted to "get some women" for Garcher but were unsuccessful. The clear implication from the evidence is that all three men had consumed substantial quantities of alcohol during the evening and may have been intoxicated. Garcher finally went to his motel at about 12:30 or 1 o'clock a.m., and went to bed. Around 2:30 a.m., Messman knocked on the door of Garcher's motel room and said that he had two girls and indicated that Garcher should come out. As Garcher stepped out, Jacobs shoved him and Jacobs and Messman attacked him and choked, struck, and beat him. Garcher testified that during the struggle he felt his wallet taken off his person by one of the two men. Evidence by the State established that the assault and battery took place in the motel parking lot that night and that Garcher suffered abrasions and contusions. The defendant admitted the attack on Garcher but testified that he and Messman only went to the motel to rough Garcher up because of his conduct earlier in the evening, and that they had no knowledge of his billfold, did not see it, and did not know where it went. It might be noted here that the defendant's evidence was that Garcher had dropped his billfold on at least two occasions in a bar earlier that evening.

The primary assignment of error involves the court's refusal to grant a request to instruct on the lesser included offenses of assault and battery. The court refused such an instruction "for the reason that the Court

feels that the same is not an includable offense." The court offered to instruct on assault with intent to commit robbery as a lesser includable offense if requested to do so, but that instruction was not requested and the court instructed the jury only on the offense of robbery. The jury found the defendant guilty of robbery as charged.

Unless this court elects to overrule it, this case is controlled by the case of State v. McClarity, 180 Neb. 246, 142 N. W. 2d 152. That case specifically held that the crimes of assault with intent to commit robbery and assault and battery are included within a charge of robbery. We also held that when the defendant requests the trial court to submit a lesser included offense in the instructions, the trial court must submit all included offenses as to which the evidence is sufficient to support a verdict. Here the evidence of the defendant established the assault and battery, and the State's evidence, if believed by the jury, was clearly sufficient to convict for the crime charged as well as the lesser included offenses. The refusal to instruct upon a lesser included offense, after request by the defense, is reversible error.

The State contends that although typically all necessary elements of assault and battery are embraced within an information for robbery, all the *potential* elements are not embraced within the information against the defendant. The argument has been rejected by this court and by the federal courts. See, Joyner v. United States, 320 F. 2d 798 (D.C. Cir.); Crosby v. United States, 339 F. 2d 743 (D.C. Cir.); 4 Wharton, Criminal Law and Procedure, § 1888, p. 754. The fact that the information specifically charged that the robbery was committed "forcibly and by violence" destroys the State's argument that robbery may potentially also be committed by "putting in fear."

The failure to instruct on the lesser included offense

of assault and battery, after request by the defendant, was error which requires reversal of the conviction here.

The defendant also assigns as error the admission of the testimony of a police officer that the defendant's accomplice, Messman, who did not testify here, was taken to the police station, given his "rights advisory" and gave "a statement in reference to this incident." An objection to the reference to any statement made or not made by Messman was overruled after a statement by the prosecutor that there was no intention of going into the substance. In answer to the next question as to what they did with reference to the defendant "following the taking of the statement," the officer testified that "with the information received" they proceeded to the Messman residence, picked up the defendant "and transported him to the police station, at which time he was given the rights advisory form, read in its entirety including the waiver of rights and the Defendant refused to waive his rights." An objection to any reference being made as to whether the defendant did or did not make any statement was sustained and the jury was instructed to disregard "the last statement made by the witness."

The State contends that because the substance of Messman's statement was not revealed, the rule of Bruton v. United States, 391 U. S. 123, 88 S. Ct. 1620, 20 L. Ed. 2d 476, was not violated. The only plausible and reasonable interpretation of the officer's testimony is that Messman's statement implicated the defendant and they immediately arrested him. There is no doubt that it is error of constitutional dimensions to admit a statement of a codefendant who does not testify, when the statement inculpates the accused, notwithstanding instructions to the jury to disregard the statement. Whether or not the error, under the circumstances here, was or was not harmless need not be decided here. The testimony as to what was done by the officers with

reference to Messman, and whether or not he made or did not make a statement to the police was wholly improper in this case, where Messman did not testify, and the court had already overruled a motion by the State to consolidate the trials of the defendant and Messman.

The defendant also asserts that the eliciting of improper and prejudicial testimony that the defendant had been advised of his constitutional rights, but had refused to waive them, was not cured by sustaining an objection and instructing the jury to "disregard the last statement made by the witness."

In State v. Brown, 185 Neb. 389, 176 N. W. 2d 16, we specifically held that testimony by a police officer that the defendant had been advised of his constitutional rights and refused to answer any questions in regard to the incident was improperly admitted over objection and constituted prejudicial error. Here the court attempted to cure the error by instructing the jury to disregard it. It should be noted that an error of constitutional dimensions may not be so harmless as to be subject to curing by an instruction to the jury to disregard it. Mr. Justice Jackson's statement in Krulewitch v. United States, 336 U. S. 440, 69 S. Ct. 716, 93 L. Ed. 790, is appropriate: "The naive assumption that prejudicial effects can be overcome by instructions to the jury * * * all practicing lawyers know to be unmitigated fiction * * *." Prosecuting attorneys must assume the responsibility for deliberate introduction of such testimony, and witnesses should be cautioned that such evidence is improper.

The judgment of the District Court is reversed and the cause remanded.

REVERSED AND REMANDED.