STATE OF NEBRASKA, APPELLEE, v. LAWRENCE K. COMER, APPELLANT.

261 N. W. 2d 374

Filed January 11, 1978. No. 41305.

Ralph A. Bradley and L. William Kelly, III, for appellant.

Paul L. Douglas, Attorney General, and Jerold V. Fennell, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

WHITE, C. J.

This is a criminal prosecution of the defendant on two counts. Count I of the information charged the defendant with first degree sexual assault. Count II of the information charged him with incest. A plea of not guilty was entered by the defendant to the charges and a jury trial was had. The jury returned a verdict of guilty on both counts, and the District Court sentenced the defendant to a term of 20 years imprisonment on count I and 20 years imprisonment on count II, the two sentences to be served concurrently. The defendant appeals. We affirm the judgment and sentence of the District Court.

Prior to arraignment, defendant filed a motion to elect, seeking to have the prosecution elect between first degree sexual assault and incest. A hearing was held on the defendant's motion to elect, and the motion was overruled. The defendant assigns this ruling as error. Defendant's position is that the State should have been required to elect between first degree sexual assault and incest because first degree sexual assault is a lesser-included offense of incest. The defendant's position is without merit.

A lesser-included offense is one which includes some of the elements of the crime charged without the addition of any element irrelevant to the crime charged. State v. Bernth, 196 Neb. 813, 246 N. W. 2d 600 (1976); State v. Jones, 186 Neb. 303, 183 N. W.

2d 235 (1971); State v. McClarity, 180 Neb. 246, 142 N. W. 2d 152 (1966). See, also, McConnell v. State, 77 Neb. 773, 110 N. W. 666 (1906).

Applying the above-stated rule, it is clear that first degree sexual assault is not a lesser-included offense of incest. In order for it to be such, all the elements of first degree sexual assault would have to be included in the charge of incest, without the addition of any elements irrelevant to the charge of incest.

First degree sexual assault is defined in section 28-408.03, R. R. S. 1943. The offense of incest is set out in section 28-906, R. R. S. 1943. Under both offenses, sexual penetration is required. For first degree sexual assault, however, the victim must have been overcome by force, threat of force, coercion or deception; or the actor must have known or should have known that the victim was mentally or physically incapable of resisting or appraising the nature of his or her conduct; or the actor must be over 18 years old and the victim less than 16 years of age. These elements of the offense of first degree sexual assault are irrelevant to the offense of incest which requires a showing of sexual penetration and a parental relationship. The District Court correctly overruled defendant's motion to elect.

Defendant next contends that the sentence he received on count I was excessive.

The charges arose out of an incident on October 16, 1976, involving defendant and his daughter who was 12 years old at the time. The presentence investigation report reveals that defendant had been fondling his daughter since she was 6 or 7 years of age and that he had been having sexual relations with her for 2 years prior to the October 16th incident. The record indicates that the defendant had instilled fear in his daughter about both this incident and in general and had specifically warned his daughter not to relate the incident to anyone else.

The presentence investigation report shows that

the defendant served time in an Ohio work house for having sexual relations with a 16-year-old girl, and was charged in California with indecent exposure. He has served 7 days on a charge of receiving stolen property and, according to his military record, was dishonorably discharged for fighting with his sergeant.

A sentence imposed within statutory limits will not be disturbed on appeal unless there has been an abuse of discretion. State v. Gillham, 196 Neb. 563, 244 N. W. 2d 177 (1976). We cannot say that the trial court abused its discretion in sentencing defendant as it did.

The judgment and sentence of the District Court are correct and are affirmed.

AFFIRMED.