REQUESTED BY: Frank Roubicek, Knox County Attorney, Center, Nebraska.
Can a person be found guilty under both section39-669.30, R.S.Supp., 1976, and section 39-669.34, R.S.Supp., 1976, if he was driving on a nonemployment related mission under a work permit.
No.
Section 39-669.30, R.S.Supp., 1978, states in part as follows:
 "It shall be unlawful to operate a motor vehicle on the public highways after revocation of an operator's license or privilege revoked under the provisions of sections 39-669.26 to 39-669.30, except that a motor vehicle may be operated under an employment driving permit as provided by section 39-669.34. Any person who violates the provisions of this section shall be guilty of a Class III misdemeanor. . . ." (Emphasis added.)
Section 39-669.34, R.S.Supp., 1976, provides for employment permits to be issued to individuals whose permits to operate a motor vehicle are revoked under the provisions of section 39-669.16, 39-669.27 and 39-669.30. An individual who has been issued an employment driving permit is authorized to operate a motor vehicle (a) from his residence to his place of employment and return, and (b) during the normal course of employment, if the use of a motor vehicle is necessary in the course of such employment. Operation of a motor vehicle, except as provided by section 39-669.34, is unlawful and a person who operates a vehicle outside of the scope of the employment permit is guilty of a Class IV misdemeanor.
You have asked whether the offense of driving outside of the scope of the driving permit is a lesser included offense within the offense of driving under suspension. The court citing Fuller v. United States, 407 F.2d 1199, inState v. Colgrove, 197 Neb. 375, 248 N.W.2d 780 (1977), has defined a lesser included offense as one which is necessarily established by proof of the greater offense. The court went on to say that: [t]o be a lesser included offense, the elements of the lesser offense must be such that it is impossible to commit the greater offense without at the same time having committed the lesser.' Certain v.State, 261 Ind. 101, 300 N.E.2d 345. In sum the lesser included offense is one all the elements of which are necessarily included in the greater. See, State v. Jones,186 Neb. 303, 183 N.W.2d 235, State v. McClarity, 180 Neb. 246,142 N.W.2d 152.'
While a particular fact situation may allow conviction under either section 39-669.30 or section 39-669.34, the elements are not the same. Convictions under 39-669.34 which is the lesser offense (a Class IV misdemeanor) necessarily requires that the additional element of driving outside of the scope of the employment permit be proven. Whereas, conviction under section 39-669.30 requires only a showing of (a) operation of a motor vehicle and (b) operation during the period of license suspension. A showing of these two elements would not lead to a conviction under section39-669.34. Therefore, the offense of driving on a nonemployment related mission is not a lesser included offense within the offense of driving under suspension.
Even though the offense in section 39-669.34 cannot properly be characterized as a lesser included offense within section 39-669.30, it is nonetheless the appropriate section under which persons driving on a nonemployment related mission should be charged. It has long been recognized in Nebraska that a special statutory provision with regard to a particular subject controls general provisions with regard to such subject, and usually prevails. SeeHergott v. Nebraska State Ry. Commission, 145 Neb. 100,15 N.W.2d 418 (1944); Canada v. State, 148 Neb. 115,26 N.W.2d 509 (1947).
The Legislature has evidently seen fit to provide a lesser penalty for those driving outside the scope of their employment than for those who drive under suspension and without any authorization at all. We therefore would recommend that those individuals who are driving on nonemployment related missions but who have an employment permit be charged under that section as opposed to the general driving under suspension section.