STATE OF NEBRASKA, APPELLEE, v. HENRY A. DINVERNO,
APPELLANT.

290 N. W. 2d 203

Filed March 18, 1980. No. 42843.

Steven Lefler, for appellant.

Paul L. Douglas, Attorney General, and Terry R. Schaaf, for appellee.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

HASTINGS, J.

Defendant appeals from an order overruling his motion for post conviction relief, filed following his conviction and sentencing on a charge of burglary. His primary assignment of error relates to a claim of double jeopardy, and, secondly, that he was denied a preliminary hearing and that his motion to dismiss at the close of the State's case was overruled. We affirm the action of the District Court.

On June 8 and 9, 1977, defendant was tried on a felony charge of receiving stolen property, which property had been taken in a burglary on February 7, 1977. Originally, it was his understanding that he was to be charged with burglary, but as part of a claimed plea bargain he was told that if he waived his right to a preliminary hearing, the charge would be reduced to the one upon which he was tried. He was found not guilty by a jury following completion of his trial on June 9, 1977. Three days later he was arrested for burglary involving the same property, waived a preliminary hearing, was tried to a jury and found guilty on October 19, 1977, and sentenced on November 21, 1977. Defendant filed a notice of

appeal on January 17, 1978, which was dismissed by this court on May 24, 1978, "upon appellant's failure to file briefs."

At the post conviction hearing held on May 31, 1979, the bills of exception in each of the foregoing trials were received in evidence as well as brief testimony by the defendant. He complained about the waiver of a preliminary hearing as to the charge of receiving stolen property, but admitted that he voluntarily waived his right to such hearing on the burglary charge. Although defendant's motion for post conviction relief included a charge of incompetency of counsel because of failure to appeal the conviction, there was no evidence that defendant had ever requested that such an appeal be perfected, nor was it assigned as error.

Although the defendant's claims as to the waiver of the preliminary hearing and the failure of the trial court to sustain his motion to dismiss at the close of the evidence cannot be raised at a post conviction hearing, they may be disposed of quickly on their merits. A review of the record discloses a fact question and evidence sufficient for a jury to find defendant guilty beyond a reasonable doubt. As to the matter of the preliminary hearing, the only one that was of any consequence was the one involving the charge of burglary and defendant admitted there was nothing wrong with that waiver.

The complaint as to effectiveness of counsel was neither assigned as error nor argued, and there is no evidence to support such a claim in any event.

The remaining claimed error relates to the allegation by the defendant that having been acquitted on a charge of receiving stolen property and then being convicted of burglary of the same items, he has been subjected to double jeopardy. The constitutional provisions against double jeopardy are not violated by trial on a second charge which requires different and additional evidence than that in the first, even

though both of the offenses charged arise out of the same chain of events. State v. Saxon, 193 Neb. 278, 226 N. W. 2d 765 (1975). See, also, Kowalski v. Parratt, 533 F. 2d 1071 (8th Cir., 1976). The elements constituting the offense of receiving stolen property include the receipt of property, knowing it to be stolen, with intent to defraud the owner. § 28-508, R. R. S. 1943. The crime of burglary requires proof of a willful, malicious, and forcible breaking and entering with the intent to steal property of value, which elements are not common to the crime of receiving stolen property. § 28-532, R. R. S. 1943. Even where one and the same act constitutes two separate and distinct crimes, neither an acquittal nor a conviction of one bars a prosecution for the other as placing the defendant in double jeopardy. State v. Carter, *ante* p. 407, 288 N. W. 2d 35 (1980).

There is no merit to any of defendant's contentions and the judgment of the District Court is affirmed.

AFFIRMED.