STATE OF NEBRASKA, APPELLEE, v. CLAUDE D. LOVELACE, APPELLANT.

322 N.W.2d 673

Filed July 30, 1982. No. 81-783.

Dennis R. Keefe, Lancaster County Public Defender, for appellant.

Paul L. Douglas, Attorney General, and Patrick T. O'Brien, for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, WHITE, HASTINGS, and CAPORALE, JJ.

KRIVOSHA, C.J.

The appellant, Claude D. Lovelace (Lovelace), appeals from a jury verdict finding him guilty of first degree assault. Lovelace maintains, on appeal, that the trial court erred in instructing the jury that first degree assault was a lesser-included offense of attempted murder in the second degree. We agree with Lovelace, and for that reason we reverse the conviction.

Lovelace was tried on an amended information. Count I of the amended information charged Lovelace with the crime of attempted second degree murder in violation of Neb. Rev. Stat. § 28-304(1) (Reissue 1979). Count II charged Lovelace with using a firearm to commit a felony in violation of Neb. Rev. Stat. § 28-1205(1) (Reissue 1979). The facts in the instant case are not important for our disposition of the legal question presented to us. Suffice it to say that the evidence was sufficient to establish the fact that Lovelace did indeed shoot and wound one Raynold Jurgens during the course of an argument.

At the conclusion of all the evidence, the trial court submitted the case to the jury. The trial court advised the jury that "Under the information in Count I of this case, depending on the evidence, you may find the defendant: a. Guilty of attempted second degree murder. b. Guilty of assault in the

first degree. c. Not guilty. . . ." The court apparently included the instruction regarding assault in the first degree at the request of the State, on the theory that the crime of assault in the first degree is a lesser-included offense of *attempted* second degree murder and therefore may properly be submitted to the jury. There is, of course, the question of whether the State may, under any circumstance, request an instruction of a lesser-included offense. While we recognize that the question is raised in this case, because of the manner in which we dispose of the case, we do not, at this time, address that issue, but, rather, address only the legal question of whether assault in the first degree is a lesser-included offense of attempted murder in the second degree.

We emphasize that the analysis we make here is between assault in the first degree and *attempted* murder in the second degree, and not assault in the first degree and murder in the second degree. The offense of attempted murder in the second degree is defined by Neb. Rev. Stat. §§ 28-201 and 28-304 (Reissue 1979). Section 28-304(1) defines murder in the second degree as occurring when "A person . . . causes the death of a person intentionally, but without premeditation." Attempted murder in the second degree occurs, under the provisions of § 28-201(1), when "A person . . . (a) Intentionally engages in conduct which would constitute the crime if the attendant circumstances were as he believes them to be; or (b) Intentionally engages in conduct which, under the circumstances as he believes them to be, constitutes a substantial step in the course of conduct intended to culminate in his commission of the crime." To therefore be guilty of attempted murder in the second degree, the evidence must establish beyond a reasonable doubt that the accused, in effect, took a substantial step in a course of conduct intended to cause the death of another with malice and intent. The fact that *no* injury befalls the vic-

tim is of no consequence. One may attempt to murder another by shooting at him. Should he, however, miss his victim, striking a nearby tree, he may nevertheless be guilty of attempted murder in the second degree. Assault in the first degree, on the other hand, is committed when one "intentionally or knowingly *causes* serious bodily injury to another." (Emphasis supplied.) Neb. Rev. Stat. § 28-308 (Reissue 1979). The crime of assault in the first degree requires that a serious bodily injury *in fact* occurred. That one attempts to injure another and fails to cause a serious bodily injury is not sufficient to constitute assault in the first degree, as it is in the case of *attempted* second degree murder. It is therefore clear that while the elements of first degree assault *may* be present in a case of attempted second degree murder, it is likewise clear that one may nevertheless be guilty of attempted second degree murder without having committed first degree assault. It is this distinction which precludes assault in the first degree from being a lesser-included offense of attempted murder in the second degree. In *State v. Colgrove,* 197 Neb. 375, 376-77, 248 N.W.2d 780, 781 (1977), we defined a lesser-included offense by saying: "A lesser included offense is one which is necessarily established by proof of the greater offense. Fuller v. United States, 407 F.2d 1199. To be a lesser included offense, the elements of the lesser offense must be such that it is impossible to commit the greater without at the same time having committed the lesser. Certain v. State, 261 Ind. 101, 300 N.E.2d 345. In sum the lesser included offense is one all the elements of which are necessarily included in the greater. See, State v. Jones, 186 Neb. 303, 183 N.W.2d 235; State v. McClarity, 180 Neb. 246, 142 N.W.2d 152." See, also, *State v. White,* 209 Neb. 218, 306 N.W.2d 906 (1981). As we have observed, the test which is imposed before an offense may be defined as a lesser-included offense cannot be met in

the situation involving attempted second degree murder and assault in the first degree. The fact that under a given set of circumstances such may be the case is not sufficient to constitute assault in the first degree as a lesser-included offense of attempted murder in the second degree as a matter of law. To determine whether one statutory offense is a lesser-included offense of the greater, we look to the elements of the crime and not to the facts of the case. In *State v. Smith,* 55 Wis. 2d 304, 310, 198 N.W.2d 630, 633 (1972), the Wisconsin Supreme Court observed that when determining whether one crime is a lesser-included offense of another, the court should be concerned only with the elements of the crime and not with the particular facts established in the case at hand, saying: "[T]he test for a lesser included offense is not the peculiar nature of a single defendant's crime, rather it is whether the lesser offense is statutorily within the greater."

In view of what we have previously said about the *elements* of the lesser-included offense being such that the greater offense cannot be committed without at the same time committing the lesser, we believe the Wisconsin court's observation, noted above, is valid. See *State v. Colgrove, supra.* The trial court was in error in giving such an instruction. For that reason, the case must be reversed.

In doing so, we do not imply that we excuse the act of the defendant in this case. Our function, however, is to apply the law, even though it may produce a result contrary to our own best wishes. That is what a legal system based upon due process is really all about. In reversing this case, we note, however, that having found that assault in the first degree is not a lesser-included offense of attempted murder in the second degree, the rule set out in *State v. Aby,* 205 Neb. 267, 287 N.W.2d 68 (1980), to the effect that a conviction or acquittal of the principal offense bars any prosecution or punishment for a

lesser-included offense does not apply. As we noted in *State v. Dinverno,* 205 Neb. 775, 778, 290 N.W.2d 203, 205 (1980): "Even where one and the same act constitutes two separate and distinct crimes, neither an acquittal nor a conviction of one bars a prosecution for the other as placing the defendant in double jeopardy." See, also, *State v. Carter,* 205 Neb. 407, 288 N.W.2d 35 (1980).

The judgment and conviction are reversed and dismissed.

REVERSED AND DISMISSED.

BOSLAUGH, J., dissenting.

As the Attorney General's brief in this case stated, it is difficult to conceive how one could commit murder in the second degree or attempt to commit murder in the second degree by shooting the victim in the stomach and not attempt to cause serious bodily harm. "Cessation of life may be fairly characterized as the most serious of bodily injuries." (Brief for Appellee at 8.)

Unfortunately, the majority opinion abandons the rule which has been followed in this state for many years and adopts a rule from another state which vacates the conviction and forces the State to retry the defendant for a crime of which he is guilty and has already been convicted.

The majority opinion relies on the following quotation from *State v. Colgrove,* 197 Neb. 375, 376-77, 248 N.W.2d 780, 781 (1977): "A lesser included offense is one which is necessarily established by *proof* of the greater offense. Fuller v. United States, 407 F.2d 1199. To be a lesser included offense, the elements of the lesser offense must be such that it is impossible to commit the greater without at the same time having committed the lesser. Certain v. State, 261 Ind. 101, 300 N.E.2d 345. In sum the lesser included offense is one all the elements of which are necessarily included in the greater. See, State v. Jones, 186 Neb. 303, 183 N.W.2d 235; State v. McClarity, 180

Neb. 246, 142 N.W.2d 152." (Emphasis supplied.) The statement of the rule is correct. The difficulty is that the rule is misunderstood and is incorrectly applied in this case.

The correct interpretation of the rule is demonstrated by the following quotation from *Alyea v. State,* 62 Neb. 143, 86 N.W. 1066 (1901), in which the defendant was charged with assault with intent to inflict great bodily injury. We said: "It is next urged that the crime of assault and battery, of which the defendant was convicted, is not embraced or included in the offense charged in the information. This, we think, is true. The information alleges an assault, but not a battery. If the latter had been averred in the information, the charge would have been sufficiently broad to have sustained a conviction for an assault and battery. *Mulloy v. State,* 58 Nebr., 204. But as the information contains no averment of a battery, the conviction can not stand. *Turner v. Muskegon,* 50 N.W. Rep. (Mich.), 310." *Id.* at 144, 86 N.W. at 1067.

The *Alyea* case demonstrates that it is the *allegations* in the information and the *proof* offered in support of the information which determines whether the lesser offense is included in the greater. It is the particular *offense committed by the defendant* that is controlling.

In *State v. McClarity,* 180 Neb. 246, 142 N.W.2d 152 (1966), one of the cases relied on in *State v. Colgrove, supra,* we held that assault with intent to commit robbery was a lesser-included offense within a charge of robbery because the *proof* showed that the offense had been committed by force and violence. We said: "When some of the elements of the crime charged in the information, without the addition of any element irrelevant to the original crime charged, may constitute another crime or crimes, such other crime or crimes are included within the crime charged. This court has held that the offense

of larceny from the person is included within a charge of robbery, Bunge v. State, 87 Neb. 557, 127 N.W. 899, Brown v. State, 33 Neb. 354, 50 N.W. 154, on rehearing, 34 Neb. 448, 51 N.W. 1028; that assault and battery is included within a charge of shooting with intent to wound, Moore v. State, 147 Neb. 390, 23 N.W.2d 552; and that assault and battery is included within a charge of assault with intent to commit rape, McConnell v. State, 77 Neb. 773, 110 N.W. 666. In McConnell v. State, *supra,* it was stated: ' ''* * * we are satisfied, that the general rule is, that, where a higher and more atrocious crime fully embraces all the ingredients of a lesser offense, and when the evidence requires it, the jury may convict of the latter.'' ' The refusal to instruct upon a lesser included offense after request by the defense has been held to constitute reversible error. Moore v. State, *supra.* In this case, both the crimes of assault with intent to commit robbery and assault and battery include only elements contained within the crime of robbery; such elements find support in the evidence; and the trial court acted correctly in submitting both included offenses upon request.'' *Id.* at 249, 142 N.W.2d at 154.

In *State v. Jacobs,* 192 Neb. 246, 219 N.W.2d 768 (1974), we reversed a conviction for robbery ''forcibly and by violence'' because the trial court had refused a request to submit assault and battery as a lesser-included offense. We specifically rejected the argument of the State, which is the substance of the majority opinion in this case. We said: *''Unless this court elects to overrule it, this case is controlled by the case of State v. McClarity, 180 Neb. 246, 142 N.W.2d 152.* That case specifically held that the crimes of assault with intent to commit robbery and assault and battery are included within a charge of robbery. We also held that when the defendant requests the trial court to submit a lesser included offense in the instructions, the trial court must submit

all included offenses as to which the evidence is sufficient to support a verdict. *Here the evidence of the defendant established the assault and battery, and the State's evidence, if believed by the jury, was clearly sufficient to convict for the crime charged as well as the lesser included offenses.* The refusal to instruct upon a lesser included offense, after request by the defense, is reversible error. [Emphasis supplied.]

"The State contends that although typically all necessary elements of assault and battery are embraced within an information for robbery, all the *potential* elements are not embraced within the information against the defendant. The argument has been rejected by this court and by the federal courts. See, Joyner v. United States, 320 F.2d 798 (D.C. Cir.); Crosby v. United States, 339 F.2d 743 (D.C. Cir.); 4 Wharton, Criminal Law and Procedure, § 1888, p. 754. The fact that the information specifically charged that the robbery was committed 'forcibly and by violence' destroys the State's argument that robbery may potentially also be committed by 'putting in fear.' " *Id.* at 248, 219 N.W.2d at 770.

Another case which discusses and applies the rule correctly is *State v. Knaff,* 204 Neb. 712, 285 N.W.2d 115 (1979). There we held the trial court was not required to submit larceny from the person in a robbery case because the proof did not require it. We said: "During the early morning hours of August 19, 1978, Stephen Fiero was sleeping in his bedroom while still fully clothed. He felt someone touching him, but thought it was a friend telling him he was there. He then felt someone trying to get into his back pocket. He raised up and saw two black males, one standing in the doorway and the other at the foot of his bed. The one near the bed had what looked like a large dowel stick or metal rod about 3 feet in length in his hand, and the other appeared to

be grasping a revolver or pistol in both of his hands, pointing at the victim. Immediately realizing they were attempting to take his billfold, and believing if he resisted he would be shot or clubbed, he lay back down and pretended to be asleep. He felt his billfold being taken from his pocket by one of the men and, upon hearing them leave, got up and called the police. Mr. Fiero was unable to recognize either of the men, and the identity of the defendant and his presence at the scene were established by fingerprints and other evidence. The defense offered no evidence and no one else testified concerning the facts of the actual taking.

"It is on the basis of the foregoing evidence that defendant insists he was entitled to an instruction on the lesser-included crime of larceny from the person. The elements of robbery are the *forcible* taking of property from the person of another *by violence or putting in fear,* section 28-414, R.R.S. 1943, whereas larceny from the person requires the taking of property from another *without putting such person in fear by threats or the use of force and violence,* section 28-505, R.R.S. 1943. There is no question, of course, but that larceny from the person is a lesser-included offense of robbery, as the former crime 'is one which is fully embraced in the higher offense.' State v. Tamburano, 201 Neb. 703, 271 .N.W.2d 472 (1978).

"The only evidence presented to the jury was that the victim was awake, saw a club and what he believed to be a gun, and permitted his property to be taken because he was afraid of injury to his person. It is only in those cases where, under a different but reasonable view, the evidence is sufficient to establish guilt of the lesser offense and also leave a reasonable doubt as to some particular element included in the greater, but not the lesser, offense that the lesser-included offense instruction must be given. Where the evidence is uncontroverted on an essen-

tial element of the crime, mere speculation that the jury may disbelieve it does not entitle the defendant to such an instruction. State v. Tamburano, *supra*. The undisputed facts established in this case did not require the submission of a lesser-included offense instruction." *Id.* at 713-14, 285 N.W.2d at 117.

In *State v. Aby,* 205 Neb. 267, 287 N.W.2d 68 (1980), the defendant was convicted of both first degree sexual assault and felony debauching of a minor. We reversed the conviction of the second offense charged because it was a lesser offense included within the greater offense, the sexual assault charge. We said: "A lesser-included offense is one which includes some of the elements of the crime charged without the addition of any element irrelevant to the crime charged. State v. Comer, 199 Neb. 762, 261 N.W.2d 374. The evidence of the State which proved the first degree sexual assault in this case also proved felony debauching of a minor although the element of penetration was not an element of the debauching offense. Thus, under the evidence in this case, debauching of a minor was a lesser-included offense of the sexual charge.

"The State was not required to elect between the counts because a crime and a lesser-included offense may be charged in separate counts of the same information. See, Stapleman v. State, 150 Neb. 460, 34 N.W.2d 907; Longsine v. State, 105 Neb. 428, 181 N.W. 175.

"However, a defendant cannot be convicted of two degrees of the same offense or a crime and a lesser-included offense based upon the same act or transaction. In re Resler, 115 Neb. 335, 212 N.W. 765. A conviction or acquittal of the principal offense bars any prosecution or punishment for a lesser-included offense.

"For that reason the judgment on count II must be

reversed and that count dismissed." *Id.* at 269-70, 287 N.W.2d at 70.

Further citation of recent authority is unnecessary.

HASTINGS, J., joins in this dissent.