STATE OF NEBRASKA, APPELLEE, v. LAWRENCE K. COMER, APPELLANT.

Filed February 12, 1980. No. 42814.

288 N. W. 2d 487

O. Wm. VonSeggern of Cunningham, Blackburn, VonSeggern, Livingston, Francis & Riley, for appellant.

Paul L. Douglas, Attorney General, and Paul E. Hofmeister, for appellee.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

HASTINGS, J.

Defendant has appealed from an order of the District Court denying his motion for post conviction relief. We affirm.

Defendant was convicted of first degree sexual assault and incest involving an incident occurring on October 16, 1976, with his 12-year-old daughter. The direct appeal found at 199 Neb. 762, 261 N. W. 2d 374, involved the questions of whether first degree sexual assault was a lesser-included offense of incest and the excessiveness of the sentence. We affirmed the conviction. Some of the facts are contained in that opinion. Others will be recited herein.

In this appeal seeking post conviction relief, the defendant assigns one error, violation of his constitutional rights. Specifically, in his brief, defendant attacks the reception into evidence of an admission made by defendant to a police officer, in violation of his constitutional rights, and ineffective assistance of counsel in that his trial attorneys failed to take appropriate action to block that evidence.

Following a complaint by the victim's grandmother, defendant was arrested in Grand Island by Investigator Preble of the Nebraska State Patrol by authority of a warrant charging the defendant with possession of a stolen Winchester rifle. There was also a question as to a stolen .410 shotgun, and particularly, the officer wanted to search the defendant's apartment for a towel which the victim said had been used and possibly stained in the sexual in-

cident. Accordingly, the officer, after making the arrest, advised defendant of his Miranda rights and then asked him and secured his permission to search the apartment for the shotgun. Defendant and the officer then immediately went over to defendant's apartment.

It should be pointed out at this time that during the preliminary hearing Investigator Preble testified that the primary purpose of his going to defendant's apartment was to look for a towel claimed by the victim to have been used and possibly stained during the course of the sexual assault. Defendant knew nothing of this intention until the towel was found in plain sight, and defendant was then questioned about the assault. However, the testimony at the trial itself disclosed nothing in this regard. As a matter of fact, Officer Preble testified that shortly after arriving at the apartment he asked the defendant if he had been involved with his daughter, to which defendant answered "no." In response to a question by Preble, defendant did admit that he had taken his daughter to a movie entitled "Future World" on Saturday, October 16th, and that after the movie they had returned to the apartment where they discussed the daughter's change of school plans. The significance of this testimony was that it did corroborate the victim's testimony to the extent that she and her father had gone to a picture show and had been together at the apartment on that particular date, all in accordance with her testimony.

Defendant's contention as to the violation of his Miranda rights is that although he was read such rights within a short time before making the admissions, the warnings were given only in regard to an arrest for possession of stolen property and no mention had been made of pending sexual assault charges. Also, although no reference was ever made to the towel during the course of the trial, defendant nevertheless contends that because volun-

tary permission to enter the defendant's premises had been obtained under a mistaken understanding on the part of the defendant as to the officer's purpose in going there, somehow defendant had been tricked into waiving his Miranda rights.

It is apparently defendant's position that in questioning a suspect in custody, it is necessary to announce each alleged  crime and secure a specific waiver as to interrogation on each subject.  In State v. Wilbur, 186 Neb. 306, 182 N. W. 2d 906 (1971), we said a "statement made by the defendant was not inadmissible because he was not advised as to what charge might be filed against him." Admittedly, in that case the circumstances suggested but one subject for inquiry.  A somewhat analogous case is State v. Russell, 261 N. W. 2d 490, (Iowa, 1978). There, following a fire in a business establishment, the defendant was found nearby in a badly burned condition, was arrested for breaking and entering, and given his Miranda warnings.  Three days later he was again interrogated in his hospital room, at which time the law enforcement officer merely asked defendant if he remembered having been arrested for breaking and entering and having been given his "rights," to which defendant answered in the affirmative.  He was then questioned concerning certain facts which led to his prosecution and conviction for arson.  In rejecting a contention similar to that made by the defendant Comer, the Iowa court said:  "As defendant acknowledges in his brief, we previously have rejected the argument that it is essential in every instance for investigating officers to advise him of his full complement of rights as announced in *Miranda* prior to each and every investigation."

Finally, in United States ex rel. Henne v. Fike, 563 F. 2d 809 (7th Cir., 1977), cert. den., 434 U. S. 1072, 98 S. Ct. 1257, 55 L. Ed. 2d 776, defendant was arrested for driving while intoxicated and was informed of

his Miranda rights while inebriated. Sometime later, without further reference to the Miranda rights, defendant was interrogated by other law enforcement officers about an escape from jail and a murder. In holding that Miranda does not require that rewarnings be given each time an individual is questioned for a different crime, the court, after stating the defendant's claim that the circumstances of his detention had materially changed since the original warnings, said: "However, no authority has been advanced, and we find none, holding Detective Bales was constitutionally compelled to administer new warnings before questioning Henne even assuming that he then suspected Henne of having murdered Cretney." There is no merit to the defendant Comer's claim of error in this respect.

In view of the fact that we have found the admissions complained of were properly obtained, there is no substance to defendant's claim that he had ineffective assistance of counsel because they failed to take steps to prevent the reception of this evidence at the time of trial. Quite apart from that, the record discloses that defendant's counsel vigorously prosecuted the defense of the accused, by the filing of pretrial motions to elect, to quash, and to discover and by conducting a more than adequate cross-examination. It was only at the last minute that defendant would permit the cross-examination of his daughter. The defendant, after being fully informed of his rights, declined to testify so that counsel were somewhat restrained in their efforts to present an adequate defense. "Counsel should perform at least as well as a lawyer with ordinary training and skill in the criminal law in his area and should conscientiously protect the interests of his client." State v. Mays, 203 Neb. 487, 279 N. W. 2d 146 (1979). Counsel in this case measured up favorably to that standard.

There is no merit to the defendant's conten-

tions, and the judgment of the District Court is affirmed.

AFFIRMED.