Lawrence K. COMER, Appellant,

v.

Robert F. PARRATT, Warden, Appellee.

No. 81-2108.

United States Court of Appeals,
Eighth Circuit.

Submitted March 11, 1982.

Decided April 2, 1982.

---

David M. Geier, Bauer, Galter & Geier, Lincoln, Neb., for appellant.

Paul L. Douglas, Atty. Gen., Lynne Rae Fritz, Asst. Atty. Gen., Lincoln, Neb., for State of Neb., its agencies and its officers.

Before HEANEY, BRIGHT and HENLEY, Circuit Judges.

BRIGHT, Circuit Judge:

Lawrence K. Comer appeals from the district court's[1] denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. In his petition, Comer claimed that he was denied the right to effective assistance of counsel because his trial counsel failed to object to the introduction of evidence that allegedly violated his *Miranda* rights. We affirm the denial of the petition.

## I. *Background.*

A police officer arrested Comer on a warrant alleging possession of stolen property. After advising Comer of his *Miranda* rights, the officer asked to search Comer's apartment for a shotgun allegedly stolen and located there. Comer consented to the search, but did not know at the time that the officer's primary purpose for the search was to look for a towel that might provide evidence that Comer had sexually assaulted his daughter. During the search of the apartment, the officer observed the towel in plain view and without again advising Comer of his *Miranda* rights, questioned him about the alleged sexual assault of his daughter.

The officer described this conversation at Comer's trial, as follows:

Q. During the period of time that you were in the apartment with Mr. Lawrence Comer, did you have some conversation with him?

A. Yes.

Q. What did he tell you?

A. I asked him if he had been involved with his daughter, to which his reply was no. I also asked him about going to a movie with her on Saturday, which would have been the 16th, to which he stated, yes, he had been to the movie with her. He said the movie was "Future World" or "Future People," something to that effect. He also stated after they had been to the movie that they went over to the apartment where they had a conversation about her having to come back to Grand Island to school because the people she was staying with were moving.

---

1. The Honorable Warren K. Urbom, Chief Judge, United States District Court for the District of Nebraska.

Comer's attorneys did not move to suppress this testimony, nor did they object to its admission at trial.

Comer was convicted in a jury trial and received concurrent sentences of twenty years for one count of sexual assault and for one count of incest. The Nebraska Supreme Court affirmed his convictions, *State v. Comer*, 199 Neb. 762, 261 N.W.2d 374 (1978), and denied his subsequent request for postconviction relief. *State v. Comer*, 205 Neb. 549, 288 N.W.2d 487 (1980). Following denial of his petition for a writ of habeas corpus in federal district court, *Comer v. Parratt*, CV80–L–79 (D.Neb. Sept. 10, 1981), Comer brought this appeal.

## II. *Discussion.*

On appeal, Comer contends that his trial attorneys provided ineffective assistance of counsel in failing to object to the admission of the police officer's testimony relating his conversation with Comer. According to Comer, this conversation violated his privilege against self-incrimination because the officer deceptively elicited responses from Comer placing him with his daughter at the time and place of the alleged assault, when Comer believed that he was under investigation only for possession of stolen property. Comer asserts that these statements were essential to his conviction because Nebraska law requires corroboration of material facts and circumstances supporting the testimony of the complaining witness. *State v. Aby*, 205 Neb. 267, 287 N.W.2d 68 (1980). In short, therefore, Comer contends that the officer's failure to repeat the *Miranda* warnings before questioning him about his relationship with his daughter violated his privilege against self-incrimination. Comer maintains that this alleged violation should have prompted his counsel to object to the officer's testimony which provided the necessary corroboration for conviction.

In the habeas corpus proceedings, Comer's attorneys testified by deposition that they specifically considered whether to contest admission of the officer's testimony.

They decided not to contest admission of the testimony, although they recognized that it corroborated in some respects the victim's account of the incident. Under the facts of the case, they believed that Comer's specific denial of guilt given immediately to the police officer and thereafter consistently maintained would be beneficial to Comer. Thus, as a matter of trial strategy, counsel decided not to move to suppress or object to the officer's testimony.

To determine whether this tactical decision violated Comer's sixth amendment right to effective assistance of counsel, we need not address whether the initial *Miranda* warnings sufficiently protected petitioner's fifth amendment rights where, as here, the police arrested the petitioner for one crime, and later interrogated him about another crime without repeating the *Miranda* warnings. If Comer's attorneys appropriately decided to let the evidence in for Comer's benefit, the alleged *Miranda* violation becomes immaterial.

The well-established standard for determining the effectiveness of counsel is whether counsel exercised "the customary skills and diligence that a reasonably competent attorney would perform under similar circumstances." *United States v. Easter*, 539 F.2d 663, 666 (8th Cir. 1976), *cert. denied*, 434 U.S. 844, 98 S.Ct. 145, 54 L.Ed.2d 109 (1977) (footnote omitted). To overcome the presumption that counsel has rendered effective assistance, *Thomas v. Wyrick*, 535 F.2d 407, 413 (8th Cir.), *cert. denied*, 429 U.S. 868, 97 S.Ct. 178, 50 L.Ed.2d 148 (1976), the appellant must show that counsel failed to perform an essential duty and that this failure prejudiced the defense. *McQueen v. Swenson*, 498 F.2d 207, 218 (8th Cir. 1974).

Counsel in this case decided not to challenge the admissibility of the officer's testimony, believing that the record contained other evidence that independently corroborated the victim's testimony. In addition, counsel believed the jury would favorably assess Comer's specific, immediate

denial of his involvement with his daughter that was recounted in the officer's testimony. Counsel wanted to be sure that the jury heard this clear denial because Comer did not inform them until the end of the state's case whether he would testify. He did not testify, and as a result, this denial constituted the only specific denial of Comer's involvement with his daughter.

The decision to permit the officer to relate his conversation with Comer was thus tactical. Generally, decisions relating to a reasoned choice of trial strategy and tactics are not cognizable in a federal habeas corpus proceeding. *See Cox v. Wyrick*, 642 F.2d 222, 226–27 (8th Cir.), *cert. denied*, 451 U.S. 1021 (1981); *Drake v. Wyrick*, 640 F.2d 912, 915 (8th Cir. 1981); *United States v. Hager*, 505 F.2d 737, 739 (8th Cir. 1974).

The record does not support Comer's contention that he received ineffective assistance of counsel. Accordingly, we affirm.