**Ricky MILLS, Appellant,**

v.

**Bill ARMONTROUT and William Webster, Appellees.**

No. 90–1788.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 10, 1991.

Decided Feb. 27, 1991.

Suzanne Philbrick, Chesterton, Ind., for appellant.

Frank A. Jung, Jefferson City, Mo., for appellee.

Before McMILLIAN, JOHN R. GIBSON and BOWMAN, Circuit Judges.

McMILLIAN, Circuit Judge.

Ricky Mills appeals the district court's [1] denial of his petition for habeas corpus relief brought pursuant to 28 U.S.C. § 2254.

Mills makes three arguments on appeal. First, he claims that he was denied his constitutional rights to due process and equal protection when the district court declined to make independent findings of fact and conclusions of law on all issues presented in his post-conviction action. The district court adopted the state appellate court's findings that Mills' trial counsel had no conflict of interest. Factual determinations made by the state courts are entitled to a presumption of correctness. *Sumner v. Mata,* 449 U.S. 539, 550, 101 S.Ct. 764, 770, 66 L.Ed.2d 722 (1981). Furthermore, the district court found that there was no actual conflict that would require trial counsel to withdraw. The record in this case amply supports the district court's conclusions.

Second, Mills claims that his trial counsel was ineffective in not objecting to critical testimony at trial. To prevail on an ineffective assistance of counsel challenge, petitioner must demonstrate that the attorney's representation was constitutionally deficient and that there is a reasonable

1. The Honorable Edward Filippine, Chief Judge, United States District Court for the Eastern District of Missouri.

probability that the outcome of the trial would have been different. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). The district court correctly determined that, even if counsel's actions were deficient, Mills failed to demonstrate any prejudice resulting from admission of this evidence.

Third, Mills contends that he was denied his sixth and fourteenth amendment rights to effective assistance of counsel, confrontation and due process by his trial attorney's failure to impeach a crucial witness, disclose a deal the witness made with the prosecution and object to critical hearsay testimony.

As to the failure to impeach a witness, the district court determined that the trial attorney's decision was a reasoned choice of strategy. Generally, trial strategy and tactics "are not cognizable in a federal habeas corpus proceeding." *Comer v. Parratt,* 674 F.2d 734, 737 (8th Cir.1982). We agree that the decision not to attempt to impeach the witness was a strategic one.

Mills also asserts that his counsel failed to make a hearsay objection to certain testimony by a police detective. The officer stated that Mills was arrested based on information from and conversations with another witness. Appellant argues that this testimony is impermissible hearsay because it implies that the witness informed the detective that Mills committed the crime.

Under Missouri law, this testimony is not hearsay if it is used to explain the actions of the detective, as was the case here. *See State v. Calmese,* 657 S.W.2d 662, 663 (Mo. Ct.App.1983).

After reviewing the record, we conclude that the district court properly denied Mills' petition for habeas corpus relief. Accordingly, the judgment of the district court is affirmed.