UNITED STATES of America

v.

Louis ATHERTON.

Crim. No. H–89–78 (JAC), Civ.
No. 2:92–645 (JAC).

United States District Court,
D. Connecticut.

Feb. 9, 1994.

See also 936 F.2d 728.

Bruce Donald Koffsky, Reinken & Koffsky, Stamford, CT, for petitioner.

Donna Fatsi Martinez, Amy B. Lederer, Asst. U.S. Attys., Hartford, CT, for government.

## RULING ON PETITION FOR A WRIT OF HABEAS CORPUS

JOSÉ A. CABRANES, Chief Judge:

Pending before the court is Louis Atherton's Petition for a Writ of Habeas Corpus, made pursuant to 28 U.S.C. § 2255 (filed July 27, 1992).

### BACKGROUND

On September 27, 1989, Louis Atherton was indicted by a grand jury and charged with violations of the federal narcotics laws. On February 28, 1990, a Superseding Indictment was returned, charging Atherton with four counts of possession with intent to distribute and distribution of cocaine in violation of 21 U.S.C. § 841(a)(1).

On February 12, 1990, after an evidentiary hearing, the court denied Atherton's motion to suppress tangible evidence. The case proceeded to trial on March 20, 1990, and, on April 18, 1990, the jury returned a verdict of not guilty on counts one and two and guilty on counts three and four.

On June 15, 1990, Atherton was sentenced to a term of incarceration of 78 months, a term of supervised release of five years, a fine of $25,000, and special assessments of $50 on each of the counts of conviction.

On June 22, 1990, Atherton commenced an appeal to the United States Court of Appeals for the Second Circuit. On appeal, Atherton argued that this court erred by (1) denying his motion to suppress; (2) allowing the introduction on rebuttal of evidence that the Government had agreed to exclude from its case in chief; and (3) excluding testimony that assertedly evidenced the bias of a Government witness. On June 26, 1991, the Court of Appeals affirmed the judgment entered by this court in *United States v. Atherton*, 936 F.2d 728 (2d Cir.1991). On August 7, 1991, the Court of Appeals denied Atherton's petition for a rehearing. Finally, on February 24, 1992, the United States Supreme Court denied Atherton's Petition for a Writ of Certiorari. *Atherton v. United States*, —— U.S. ——, 112 S.Ct. 1187, 117 L.Ed.2d 429 (1992).

From arrest through sentencing, Atherton was represented by retained counsel, M. Donald Cardwell. On appeal to the Court of Appeals, he was also represented by retained counsel, Howard Owens, and on appeal to the Supreme Court, he was represented by appointed counsel, Assistant Federal Public Defender Richard Reeve.

Atherton then filed his pending habeas petition, *pro se*, on July 27, 1992, along with a motion for appointment of counsel. The court granted Atherton's motion for appointment of counsel, and appointed Bruce Donald Koffsky, Atherton's current counsel. Oral argument was held on January 3, 1994, after which the court reserved decision. Atherton's current counsel filed a memorandum in support of his habeas petition on January 28, 1994. The matter is now ripe for decision.

### DISCUSSION

#### I.

#### A.

In support of his habeas petition, Atherton makes three principal arguments. He first contends that his trial counsel's representation was ineffective, thereby depriving him of his Sixth Amendment right to a fair trial. More particularly, Atherton maintains that his trial counsel failed to produce the defense's version of transcripts of certain tape recordings. These recordings consisted of various conversations between Atherton and Government informants regarding the drug transactions at issue, and were, in Atherton's view, the linchpin of the Government's case.

Atherton claims that he and his friend, Lori Nasseta, spent a considerable amount of time and effort in attempting to prepare the defense's versions of the transcripts and that his trial counsel repeatedly represented—to him and to the court—that such transcripts would be presented to the jury to contest the Government's version. Atherton further argues that his trial counsel inexplicably failed to complete the transcripts so that they could be examined by the jury and that, as a result, the jury relied exclusively on the Government's transcripts.

According to Atherton, his trial counsel's default eviscerated his position with regard to the contents of these recordings and deprived him of his ability to challenge the foundation upon which the Government's case was built. Atherton maintains that the tape recordings were acknowledged to be mostly inaudible and that the accuracy of the Government's version was in dispute. Moreover, Atherton contends that his version was substantially different from the Government's version and would have called into question the testimony of the Government's chief witness, Kevin Lowe. In Atherton's view, therefore, there exists a reasonable probability that, but for trial counsel's unprofessional conduct, the result of the trial would have been vastly different.

Second, Atherton argues that his trial counsel's entry into a stipulation excluding from evidence numerous driving-while-intoxicated convictions of the Government's chief witness (Lowe) also constituted ineffective assistance of counsel. In Atherton's view,

this evidence, if presented to a jury, would have yielded a different impression of the witness' credibility. Atherton also claims that the failure of his appellate lawyer (Howard Owens) to raise the issue on direct appeal further constitutes ineffective assistance of counsel.

Finally, with regard to the $25,000 fine imposed as part of his sentence, Atherton argues that, in contrast with the final judgment (filed June 18, 1990), the oral sentence delivered at the June 15, 1990 sentencing hearing made the fine contingent upon the possession of sufficient assets to pay the penalty.[1] Atherton claims that the Bureau of Prisons has taken the position that the fine is due regardless of whether he has any property. Atherton asserts, however, that he no longer possesses adequate assets to pay the fine.[2] Yet according to Atherton, prison authorities have made a concerted effort to circumvent the court's expressed intentions by making non-payment of the fine a determinative factor in Atherton's eligibility for prison programs, community confinement, and parole.[3]

### B.

In response, the Government first argues that the decision by defense counsel at trial not to utilize its own version of the transcripts, but rather to cross-examine the Government's witnesses about the content of the recorded conversations without use of any transcripts, was a tactical choice which is not subject to review. The Government also con-

---

**1.** See Certified Official Transcript of June 15, 1990 Sentencing Hearing (filed August 13, 1990) (doc. # 95), at 44:

I am going to impose a fine of $25,000. Although there is a claim of a negative net worth figure here, it appears that he may, indeed, be able to pay this fine. And if, in fact, he's not able to pay this fine, the law will certainly accommodate that. I can't believe that we're going to make someone pay a fine who can't pay the fine. So we will see. There is much litigation ahead of us to determine whether, indeed, he is going to have property which would make this permissible. *If he does have it, then my intention is that he pay this fine. If he doesn't have it, my intention is that he not pay the fine, and that appropriate accommoda-*

*tion will be made by all concerned* (emphasis supplied).

**2.** See Certificate of Foreclosure in *Union Trust Company v. Louis M. Atherton, et al.,* No. CV 89-0094402 S (Conn.Super.Ct., Jud.Dist. of New London, dated Jan. 24, 1991), attached as Ex. A to Petitioner's Post Hearing Memorandum (filed Jan. 28, 1994). The Government does not dispute this fact. See Government's Supplemental Memorandum (filed Dec. 30, 1993), at 2 n. 1 (stating that while Atherton owned a substantial amount of property at the time of sentencing, the Government withdrew its *forfeiture proceedings* when it appeared that no equity would remain after the conclusion of foreclosure proceedings by other parties).

**3.** See generally Ex. B–D to Petitioner's Post Hearing Memorandum.

tends that Atherton has not demonstrated with sufficient particularity how he was prejudiced by use of the Government's transcripts and how the use of his own transcripts would have altered the result at trial.

The Government next maintains that Atherton is mistaken in claiming that his lawyer stipulated to excluding from evidence Lowe's convictions for driving while intoxicated. The Government represents that this evidence was excluded by an evidentiary ruling of the court, over the defense counsel's objection.

Finally, the Government asserts that—to the extent that Atherton is objecting to the conduct of prison authorities in collecting the fine out of his prison earnings—this court is without jurisdiction to hear his claim. According to the Government, grievances about the workings of the prison system must first be directed to the prison authorities themselves before a judicial court has any authority to entertain them. The Government further notes that the petitioner does not allege that the fine was imposed in contravention of "the constitution or laws of the United States." *See* 28 U.S.C. § 2255. As a result, the Government maintains, the petitioner has failed to state a proper habeas claim.

## II.

■ A person challenging his conviction on the basis of ineffective assistance of counsel bears a heavy burden. First, he must demonstrate that counsel's performance "fell below an objective standard of reasonableness." *Strickland v. Washington,* 466 U.S. 668, 688, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). In making this determination, considerable deference is to be given to the judgment of counsel:

> A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is,

the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

*Id.* at 689, 104 S.Ct. at 2065 (quoting *Michel v. Louisiana,* 350 U.S. 91, 101, 76 S.Ct. 158, 164, 100 L.Ed. 83 (1955), *reh'g denied,* 350 U.S. 955, 76 S.Ct. 340, 100 L.Ed. 831 (1956)). Second, a petitioner must establish that the errors, if any, actually prejudiced his defense. "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* 466 U.S. at 694, 104 S.Ct. at 2068. In sum, "[t]he benchmark of judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686, 104 S.Ct. at 2063.

### A.

■ Atherton first claims that trial counsel's failure to prepare the defendant's version of transcripts of tape recorded conversations constituted ineffective assistance of counsel. This argument is unpersuasive.

The court agrees with the Government that trial counsel's decision to proceed by cross-examination without the use of any transcripts was a tactical legal choice which is not subject to review on an ineffective assistance of counsel claim. *See, e.g., Mills v. Armontrout,* 926 F.2d 773, 774 (8th Cir. 1991) (trial counsel's decision to refrain from impeaching a witness was not cognizable in habeas corpus proceeding in the context of a claim of ineffective assistance of counsel); *Cartee v. Nix,* 803 F.2d 296, 303 (7th Cir. 1986) (defense counsel's decision not to call a witness, as well as his decision not to cross-examine another witness, was a tactical choice not subject to review), *cert. denied,* 480 U.S. 938, 107 S.Ct. 1584, 94 L.Ed.2d 774 (1987).

■ Assuming *arguendo* that trial counsel's decision to proceed by cross-examination rather than by the use of defense-prepared transcripts were reviewable, the court is hard pressed to find that trial counsel's

decision in this regard, in light of the standards articulated by the Supreme Court in *Strickland,* was objectively unreasonable to the point that it "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." 466 U.S. at 686, 104 S.Ct. at 2063. The petitioner has simply not met his burden of overcoming the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance...." *Id.* at 689, 104 S.Ct. at 2065.

■ Nor has the petitioner identified with the requisite specificity the prejudice that resulted from this alleged error. *See, e.g., United States ex rel. Partee v. Lane,* 926 F.2d 694, 701 (7th Cir.1991) (rejecting ineffective assistance claim based on trial counsel's failure to bring certain testimony before the court, holding that "a habeas court cannot even begin to apply *Strickland*'s standards to such a claim unless and until the petitioner makes a specific, affirmative showing as to what the missing evidence or testimony would have been") (citations and internal quotation marks omitted), *cert. denied,* — U.S. —, 112 S.Ct. 1230, 117 L.Ed.2d 464 (1992).

The petitioner here asserts that his counsel had represented to the court that the defense would prepare its own transcripts, that the tapes at issue were largely inaudible, that the Government's version was in dispute, that the petitioner and a friend had expended a considerable amount of time and energy in preparing transcripts for the defense, and that these transcripts would have differed substantially from the Government's transcripts. None of these claims, however, affirmatively shows precisely how the defense was prejudiced by the jury's exclusive reliance on the Government's transcripts or how the use of transcripts prepared by the defense would have altered the result at trial.

Accordingly, the court finds that—even if the decision of trial counsel complained of here were reviewable—the petitioner has not satisfied either of the two requirements of *Strickland.* To the extent that the petitioner now challenges his trial counsel's decision not to produce transcripts for the defense, his request for habeas relief must be denied.

### B.

The petitioner next claims that trial counsel's entry into a stipulation which excluded from evidence numerous driving-while-intoxicated convictions of the Government's chief witness, Kevin Lowe, also constituted ineffective assistance of counsel. Again, the court agrees with the Government that this argument is without factual or legal basis.

As the Government correctly notes, the petitioner is mistaken in his belief that the exclusion of this evidence was accomplished by stipulation between the parties. Indeed, the record reflects that the court excluded this evidence—more accurately, the court precluded reference to these convictions by name, directing instead that they be referred to simply as "motor vehicle offenses"—over the defendant's objection. The record will also reflect that Lowe had several other convictions and that the court allowed these convictions to be introduced into evidence in order to impeach Lowe's testimony. *See* Certified Official Transcript of Fourth Day of Trial, March 27, 1990 (filed Aug. 13, 1990) (doc. # 81), at 453–65; Certified Official Transcript of Fifth Day of Trial, March 28, 1990 (filed Aug. 13, 1990) (doc. # 82), at 759–64, 782–94; Certified Official Transcript of Sixth Day of Trial (filed Aug. 13, 1990) (doc. # 83), at 829.

In any event, the court is not satisfied that the representation provided by Atherton's counsel on this score—either at trial or on appeal—was in any way objectively unreasonable, much less that it deprived him of effective assistance of counsel. Again, the petitioner has not met his burden of overcoming the strong presumption against claims of ineffective assistance of counsel. *See Strickland,* 466 U.S. at 689, 104 S.Ct. at 2065.

Accordingly, the petitioner's request for habeas relief—to the extent that it concerns Kevin Lowe's driving-while-intoxicated convictions—must also be denied.

### C.

Turning to the $25,000 fine imposed as part of the petitioner's sentence, there can be no dispute that the court explicitly made the fine contingent upon the defendant's ability to pay. *See* note 1, *supra.* Nor has the Government disputed that the petitioner is no longer able to pay the fine. *See* note 2, *supra.* Accordingly, by the express terms of the sentence imposed on the petitioner by this court on June 15, 1990, and in the absence of any submission by the Government even suggesting that the petitioner is financially able to pay the fine, the fine must be vacated.

The Government's contention that this matter is somehow no longer under the purview of the court is unavailing. The petitioner's claim is not, as the Government suggests, a grievance about the workings of the prison system. Rather, it presents a question involving the proper interpretation and application of the court's final judgment in this case. The court determined on the date of sentencing that the fine was to be imposed only upon the condition that the petitioner could, in fact, pay the penalty. Inasmuch as that condition is no longer present, the petitioner can no longer be held liable for the fine.

The fact that the final typescript judgment apparently ordered that the $25,000 fine be imposed without any limitation is simply not controlling. *See* Fed.R.Crim.P. 36 ("[c]lerical mistakes in judgments, orders, or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders").

Accordingly, with regard to the fine, the petitioner's habeas request must be granted. The petitioner's June 15, 1990 sentence is hereby AMENDED such that any amount which—as of this date—remains due on the $25,000 fine is hereby VACATED.

### CONCLUSION

Based on the record, including the oral arguments of counsel presented here today, and for the reasons stated, the Petition for a Writ of Habeas Corpus, made pursuant to Title 28 of the United States Code, Section 2255 (filed July 27, 1992) (doc. # 100), is hereby GRANTED in part and DENIED in part in accordance with this Ruling.

It is so ordered.