United States Court of Appeals
FOR THE EIGHTH CIRCUIT

_____

No. 97-2396WM

_____

Craig L. Patterson,                           *
                                              *
                Appellant,                    *
                                              *
        v.                                    *   On Appeal from the United
                                              *   States District Court
                                              *   for the Western District
United States of America,                     *   of Missouri.
                                              *
                                              *
                Appellee.                     *

_____

Submitted:  November 18, 1997
Filed: January 9, 1998

_____

Before RICHARD S. ARNOLD, Chief Judge, McMILLIAN and MAGILL, Circuit
    Judges.

_____

RICHARD S. ARNOLD, Chief Judge.


        A jury convicted Craig L. Patterson of one count of possession with intent to
distribute cocaine base ("crack") in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)

(1994). The District Court[1] sentenced him to 405 months' imprisonment, the top of the Guidelines range of 324 to 405 months. Patterson now appeals his conviction and sentence on the ground of ineffective assistance of counsel. Patterson also argues that the government failed to prove for sentencing purposes that he possessed "crack" cocaine. We affirm.

I.

On September 11, 1996, the Kansas City, Missouri, Police Department's Street Narcotics Unit executed a search warrant on a Kansas City residence. When the police officers arrived at the residence, Craig L. Patterson was sitting on the front porch. Inside the house, in a bedroom in the basement, the officers found two lock-box safes. The safes contained a total of three and one-half kilograms of cocaine base, or "crack." One of the safes contained $5,665 in bills. In the basement bedroom, the officers also found two documents bearing the defendant's name and two pistols.

The police officers arrested Mr. Patterson and took him to police headquarters, where he was interviewed by two detectives. Patterson told the detectives that he could read and write, and, after reading aloud a Miranda rights waiver form, told them that he understood it. Patterson then signed the form and began answering questions about the cocaine seized at the house. Responding to questions, Patterson admitted that the cocaine was his and that it had been in the house for about a week. He refused to tell the police how much he paid for the cocaine or who sold it to him. When the detectives asked Patterson if he sold cocaine, Patterson asked for an attorney, and the interview concluded. At some point before the detectives ended the interview, one of them told Patterson that the house might be seized by the police because the cocaine was found in the basement. Patterson's mother owned the house and lived there with

---

[1]The Hon. Dean Whipple, United States District Judge for the Western District of Missouri.

him.  It is not clear from the record whether information about possible forfeiture of the house was discussed before or after Patterson told the police that he owned the cocaine, or whether it occurred before or after Patterson requested an attorney.

Patterson's trial counsel did not move to suppress either the physical evidence found in the house or Patterson's statements made in the police interview.  The jury found Patterson guilty of possession of "crack" with intent to distribute.  The District Judge sentenced Patterson to 405 months, a sentence at the top of the Sentencing Guidelines range, on the basis of a total offense level of 40 and a criminal history category of II.  Patterson now raises the issue of ineffective assistance of counsel on appeal.[2]

## II.

Patterson first argues that his lawyer at trial was ineffective because he failed to move to suppress the physical evidence seized in the basement and Patterson's confession during the interview with the detectives.  To establish a Sixth Amendment violation for ineffective assistance of counsel, a defendant must prove that his lawyer's performance was constitutionally deficient, and he must prove prejudice, or the reasonable probability that the outcome of the trial would have been different.  Strickland v. Washington, 466 U.S. 668, 687 (1984); Mills v. Armontrout, 926 F.2d 773, 773-74 (8th Cir. 1991).  The defendant has the burden of proving deficiency and prejudice.  English v. United States, 998 F.2d 609, 613 (8th Cir.), cert. denied, 510 U.S. 1001 (1993).  Patterson argues three points.  First, he argues that his attorney should have moved to suppress evidence of incriminating statements Patterson made

---

[2]An ineffective-assistance-of-counsel claim is typically not cognizable on direct appeal.  See United States v. Rhodenizer, 106 F.3d 222, 227 (8th Cir. 1997).  However, the government does not object to our considering the argument, and the answer to it is clear on the record before us.

to the police. Second, he maintains that his trial counsel was ineffective because he did not move to suppress the physical evidence obtained by the police at Patterson's residence. Finally, Patterson claims that his attorney should have raised objections to the presentence report. We reject Patterson's arguments because, even if he could establish that his attorney's trial strategy was constitutionally deficient, he has not shown that he has been prejudiced.

First Patterson challenges his trial counsel's failure to move to suppress his confession. The testimony at trial was that Patterson was questioned for a relatively brief period of time, and that he read, understood, and signed a <u>Miranda</u> rights waiver form before he admitted to owning the "crack." Patterson argues that he was coerced, and that a motion to suppress the confession would have been successful, because the police told him that his mother's house might be seized after cocaine was found in the basement. However, these statements alone do not amount to coercion by the police. Patterson has failed to show whether the detectives' statements about his mother's house came before or after he admitted to owning the cocaine, a crucial fact in determining whether the statements were coerced. Even if the police told Patterson his mother's house might be seized before he made incriminating statements, the detective's statements cannot be said to have rendered the confession involuntary. Patterson was not physically harmed or threatened; he was merely informed (truthfully) of potential legal consequences of the discovery of drugs in the house. These statements, by themselves, are not coercive. See <u>United States v. Makes Room</u>, 49 F.3d 410, 415 (8th Cir. 1995); <u>Jenner v. Smith</u>, 982 F.2d 329, 333-34 (8th Cir.), <u>cert. denied</u>, 510 U.S. 822 (1993). There is no claim that Patterson was told that his mother's house would be seized if he did not confess. Because a motion to suppress his confession would not have been successful, his Sixth Amendment argument must fail with regard to the confession.

Related to the coercion argument is Patterson's claim that the District Court should have held a hearing to determine whether his statements to the police were

voluntary, despite the fact that Patterson did not object to the confession before or during the trial. We do not agree. A district court has no duty to hold a hearing on the voluntariness of a confession when the defendant does not make a timely objection. See United States v. Miller, 987 F.2d 1462, 1464 (10th Cir. 1993); United States v. Wilson, 895 F.2d 168, 172-73 (4th Cir. 1990). Patterson cites one case, Lufkins v. Solem, 716 F.2d 532 (8th Cir. 1983), cert. denied, 467 U.S. 1219 (1984), for the proposition that the District Court should have held such a hearing sua sponte. In fact, in Lufkins, the defendant filed written objections to testimony by a sheriff regarding the defendant's confession, and the defendant's lawyer objected during trial to the sheriff's testimony. Id. at 535. There is no legal support for the idea that a district court must hold a hearing on voluntariness without an objection by the defendant, and we therefore reject the defendant's argument.

Patterson also challenges his attorney's failure to move to suppress physical evidence obtained as a result of the search of the home. However, Patterson fails to provide any reason as to why such a motion would have been successful. It is undisputed that the search was conducted pursuant to a warrant issued by a Jackson County, Missouri, judge. Patterson does not attack the validity of the warrant or the actions of the police in executing the warrant. Because Patterson has not demonstrated a reasonable probability the outcome of the trial would have been different even if his attorney had filed a motion to suppress the physical evidence, his argument must fail.

Finally, Patterson argues that his attorney should have objected to the presentence report. His base offense level was 38, because of the three and one-half kilograms of "crack" cocaine found in the house. Patterson argues that his attorney should have objected to this calculation because of the 100-to-1 ratio of "crack" to powder cocaine. This Court has repeatedly held that the disparity between "crack" and powder cocaine is not a basis for a downward departure under the Sentencing Guidelines. See United States v. Lewis, 90 F.3d 302, 304-06 (8th Cir. 1996), cert. denied, 117 S. Ct. 713 (1997); United States v. Maxwell, 25 F.3d 1389, 1400-01 (8th

Cir.), cert. denied, 513 U.S. 1031 (1994). Because this motion would not have been successful if Patterson's attorney had made it before the District Court, we reject Patterson's argument that his trial counsel was inadequate for not making it.

## III.

We also reject Patterson's argument that the government failed to prove by a preponderance of the evidence during the sentencing phase that Patterson was responsible for the possession of "crack" cocaine. At trial, a forensic chemist testified that he had performed tests on the substance obtained from Patterson's home, and that the substance was cocaine base, or "crack" as defined in the Sentencing Guidelines. See U.S.S.G. § 2D1.1 (Note (D)). This evidence is sufficient to support the sentence imposed by the District Court. See United States v. Wilson, 103 F.3d 1402, 1407 (8th Cir. 1997).

## IV.

For the reasons discussed above, the judgment and sentence of the District Court are affirmed.

It is so ordered.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.