# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

—————

No. 02-1054

—————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the District |
| Ronald David Long Feather, | * | of North Dakota. |
| | * | |
| Appellant. | * | |

—————

Submitted: June 13, 2002

Filed: August 9, 2002

—————

Before MORRIS SHEPPARD ARNOLD, HEANEY, and MURPHY, Circuit Judges.

—————

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Ronald Long Feather appeals his convictions for voluntary manslaughter, *see* 18 U.S.C. §§ 1112, 1153, assault with a dangerous weapon, *see* 18 U.S.C. §§ 113(a)(3), 1153, and assault resulting in serious injury, *see* 18 U.S.C. §§ 113(a)(6), 1153. We affirm the judgment of the trial court.[1]

_____

[1]The Honorable Patrick A. Conmy, United States District Judge for the District of North Dakota.

I.

Mr. Long Feather maintains that there was insufficient evidence to support his conviction and that the trial court erred in denying his motion for judgment of acquittal. On an appeal from a conviction, we must view the evidence in a light most favorable to the government and give the government the benefit of all reasonable inferences. *United States v. Hernandez*, 986 F.2d 234, 236 (8th Cir. 1993). "We will reverse the convictions only if we can conclude from the evidence that a reasonable fact finder must have entertained a reasonable doubt about the government's proof concerning one of the essential elements of the crime." *United States v. McCarthy*, 97 F.3d 1562, 1568 (8th Cir. 1996), *cert. denied*, 519 U.S. 1139, 520 U.S. 1133 (1997).

According to testimony at trial, Mr. Long Feather and Elroy LeBeau, Jr., had an altercation outside the home of Mr. Long Feather's nephew. The two men shoved and hit one another before separating. As Mr. Long Feather walked away, Mr. LeBeau insulted Mr. Long Feather, whereupon Mr. Long Feather returned to Mr. LeBeau and knocked him to the ground. According to one witness, Mr. Long Feather then kicked Mr. LeBeau in the head, rendering him unconscious, and an investigating officer testified that Mr. Long Feather later admitted kicking Mr. LeBeau in the head. After the kick to the head, witnesses noticed that Mr. LeBeau sounded like he was snoring. He never regained consciousness and died the next day. An autopsy found that Mr. LeBeau died as a result of blunt trauma to his head.

Mr. Long Feather protests that the jury "had virtually no evidence" that he was "the sole cause of the fatal injuries" to Mr. LeBeau. It is true that Mr. LeBeau had been hospitalized for a head injury less than two weeks before his altercation with Mr. Long Feather, and, though Mr. Long Feather does not say so directly, he seems to suggest that this earlier injury played a role in Mr. LeBeau's death. While that may be true, we conclude that it does not matter: We adopt the common-law rule and hold

that a defendant must take his victim as he finds him.  *See Weir v. State* 777 So.2d 1073, 1076 (Fla. Dist. Ct. App. 2001); *People v. Derr*, 736 N.E.2d 693, 698 (Ill.  App. Ct. 2000); *Hamrick v. People*, 624 P.2d 1320, 1324 (Colo. 1981).  Stated differently, a victim's pre-existing condition does not relieve a perpetrator from the consequences of his or her actions if those actions caused or hastened death, *see Adcock v. Commonwealth*, 702 S.W.2d 440, 444 (Ky. 1986); *State v. Bates*, 607 S.W.2d 753, 758-759 (Mo. Ct. App. 1980).  Thus Mr. Long Feather is criminally responsible for the death of Mr. LeBeau notwithstanding his earlier head injury.

Mr. Long Feather further contends that since, according to his testimony, he kicked Mr. LeBeau in the shoulder and not in the head, he could not have delivered a fatal blow to Mr. LeBeau.  That argument must necessarily fail, because the jury was well within its rights to disregard Mr. Long Feather's self-serving testimony in favor of the testimony of other witnesses.  On appeal, "decisions regarding the credibility of witnesses are to be resolved in favor of the jury's verdict."  *United States v. Nelson*, 970 F.2d 439, 443 (8th Cir. 1992), *cert. denied*, 506 U.S. 903 (1992).

## II.

Mr. Long Feather argues that the trial court erred by failing to hold a hearing to determine whether his confession to a police investigator was admissible. Mr. Long Feather did not, however, object to the introduction of the evidence.  "A district court has no duty to hold a hearing on the voluntariness of a confession when the defendant does not make a timely objection." *Patterson v. United States*, 133 F.3d 645, 648 (8th Cir. 1998).  The trial court therefore did not err.

## III.

Mr. Long Feather next asserts that the trial court erred because it did not allow him to recall Heather Oster to testify on surrebuttal.  "The decision whether to allow a party to present evidence in surrebuttal is committed to the sound discretion of the

trial court." *United States v. Wilford*, 710 F.2d 439, 452 (8th Cir. 1983), *cert. denied*, 464 U.S. 1039 (1984). The trial court told Mr. Long Feather's counsel that if the purpose of surrebuttal was to establish Ms. Oster's size (and therefore what she could have observed), then the testimony was unnecessary because "the jury saw her size and they know how large [i.e. tall] she is." Mr. Long Feather's counsel simply replied, "Okay." No further discussion of the issue ensued.

We will not find error in the trial court's exclusion of evidence where the complaining party failed to make an offer of proof, unless the substance of the evidence " 'was apparent from the context within which questions were asked.' " *Strong v. Mercantile Trust Co.*, 816 F.2d 429, 431 (8th Cir. 1987) (quoting Fed. R. Evid. 103(a)(2)), *cert. denied*, 484 U.S. 1030 (1988). Mr. Long Feather failed to make an offer of proof. To the extent that the context in which the intended testimony was offered may have revealed its substance, namely, Ms. Oster's size, that testimony would have been redundant. A trial court may properly limit redundant testimony, *see Strong*, 816 F.2d at 432, and we conclude that the trial court did so here.

IV.

Mr. Long Feather maintains finally that counsel for the government violated the fifth amendment during closing argument when he commented on Mr. Long Feather's failure to present evidence, and that the trial court should have granted a mistrial. Since Mr. Long Feather did not object to the comments at trial, we review the matter for plain error. *United States v. Christians*, 200 F.3d 1124, 1128 (8th Cir. 1999).

The statement that Mr. Long Feather finds objectionable concerns the sandals that he was wearing when he kicked Mr. LeBeau. When Mr. Long Feather turned himself in to the police, an investigating officer took photographs of those sandals but did not confiscate them. During cross-examination of that investigating officer,

Mr. Long Feather's counsel inquired into the government's failure to produce the sandals as evidence and its further failure to test them to determine whether they could have caused Mr. LeBeau's injuries. Mr. Long Feather's counsel then suggested during closing arguments that the investigator's failure to obtain and test these sandals was a critical flaw in the government's case. The prosecutor responded in his rebuttal argument by pointing to Mr. Long Feather's own testimony that the sandals were still in his possession.

While a prosecutor's comments on a defendant's failure to testify can constitute error, *see United States v. Moore*, 129 F.3d 989, 993 (8th Cir. 1997), *cert. denied*, 523 U.S. 1067 (1998), that is not what happened here. Mr. Long Feather did testify, thereby waiving his privilege against compulsory self-incrimination with respect to the testimony that he gave, *see Hendrickson v. Norris*, 224 F.3d 748, 751 (8th Cir. 2000), and government counsel merely commented on that testimony, namely, on Mr. Long Feather's admission that the sandals were still in his possession. The comment certainly carries the implication that Mr. Long Feather should have produced the sandals, and it might have been improper if Mr. Long Feather had had a constitutional right to withhold the sandals from evidence. But we note that the Fifth Amendment prohibits only compelled "testimonial" evidence, *United States v. Hubbell*, 530 U.S. 27, 34-35 (2000), and that the sandals are not testimonial evidence. A defendant can be compelled, for example, to give a blood sample, *Schmerber v. California*, 384 U.S. 757 (1966), and even to produce documentary evidence in some circumstances, *see Barrett v. Acevedo*, 169 F.3d 1155, 1167-68 (8th Cir. 1999), *cert. denied*, 528 U.S. 846 (1999), and Mr. Long Feather likewise could have been compelled to produce the sandals. Thus government counsel's comment on Mr. Long Feather's failure to produce the sandals could not have been a comment on Mr. Long Feather's decision to exercise a fifth amendment right. It therefore was not improper.

We have previously held that when a defendant attacks the government's failure to call certain witnesses and suggests that those witnesses might have

exonerated him, then the government may point out that the defendant also had the power to subpoena witnesses. *See United States v. Flynn*, 196 F.3d 927, 930-931 (8th Cir. 1999); *United States v. Kragness*, 830 F.2d 842, 872 (8th Cir.1987). "In closing arguments, a prosecutor is entitled to make a fair response and rebuttal when the defense attacks the government's case." *Flynn*, 196 F.3d at 930. Accordingly, when a defendant suggests that the government dubiously failed to produce physical evidence, it is altogether reasonable for the government to note the defendant's own statement that the evidence was in his possession. We thus find no error in the prosecutor's statement.

V.

The judgment of the trial court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.