# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2014

_____

United States of America,

           Appellee,

v.

Antonio Jevon Gayden,

           Appellant.

\*
\*
\*
\*
\*   Appeal from the United States
\*   District Court for the Northern
\*   District of Iowa.
\*
\*       [UNPUBLISHED]
\*

_____

Submitted:  December 14, 2009
Filed:  December 18, 2009

_____

Before BYE, BEAM, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Antonio Gayden appeals his conviction following a jury trial for possession with intent to distribute and/or aiding and abetting the possession with intent to distribute five grams or more but less than fifty grams of cocaine base after having been previously convicted of a felony drug offense in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), 851 and 18 U.S.C. § 2; and his conviction for conspiracy to distribute and possess with intent to distribute fifty grams or more of cocaine base after having been previously convicted of a felony drug offense in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A), and 851.  Gayden challenges the district

court's[1] denial of his motions for acquittal and new trial, claiming the evidence presented at trial was insufficient to sustain convictions on both counts.

Having reviewed the record, United States v. Espinosa, No. 08-3354, 2009 WL 3415979, at *3 (8th Cir. Oct. 26, 2009) (standard of review) and United States v. Williams, 562 F.3d 938, 941 (8th Cir.) (same), cert. denied, 130 S. Ct. 238 (2009), we agree with the district court's well-reasoned and thorough analysis. Most, if not all, of the evidence Gayden highlights on appeal in support of reversal comes from Gayden's own trial testimony, which the jury apparently found incredible. It is within the purview of the jury to measure credibility and disregard a defendant's self-serving testimony in favor of the testimony of other witnesses. United States v. Long Feather, 299 F.3d 915, 917 (8th Cir. 2002). On appeal, "'decisions regarding the credibility of witnesses are to be resolved in favor of the jury's verdict.'" Id. (quoting United States v. Nelson, 970 F.2d 439, 443 (8th Cir. 1992)). As such, we find there was sufficient evidence to support the conviction. Further, Gayden has not asserted grounds sufficient to warrant a new trial.

Accordingly, we affirm. See 8th Cir. R. 47B.

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.