**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 31, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

KEITH MUTTE,

    Defendant - Appellant.

No. 10-2160
(D.C. No. 1:09-CR-02983-MCA-1)
(D. N.M.)

**ORDER AND JUDGMENT**

Before **BRISCOE**, **EBEL** and **HOLMES**, Circuit Judges.

In this direct criminal appeal, Defendant-Appellant Keith Mutte challenges his conviction for assault resulting in serious bodily injury. Having jurisdiction under 28 U.S.C. § 1291, we AFFIRM.

## I. SUFFICIENCY OF THE EVIDENCE

A jury convicted Mutte of assault resulting in serious bodily injury, in violation of 18 U.S.C. §§ 113(a)(6), 1153. This charge stemmed from a domestic dispute between Mutte and his then girlfriend, Althea Ghahate, occurring on the Zuni Pueblo. On appeal, Mutte asserts there was insufficient evidence to support his conviction.

This court reviews a

challenge to the sufficiency of the evidence de novo, but in doing so we

owe considerable deference to the jury's verdict. This court asks only whether taking the evidence – both direct and circumstantial, together with the reasonable inferences to be drawn therefrom – in the light most favorable to the government, a reasonable jury could find the defendant guilty beyond a reasonable doubt. We will not weigh conflicting evidence or consider witness credibility, as that duty is delegated exclusively to the jury. Rather, we may reverse only if no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

United States v. King, 632 F.3d 646, 650 (10th Cir. 2011) (quotations, citations, alterations omitted).

The trial court instructed jurors, without objection, that, to convict Mutte, they had to find beyond a reasonable doubt:

> *First*: That the defendant Keith Mutte, assaulted Althea Ghahate;
>
> *Second*: That as a result of being assaulted, Althea Ghahate suffered serious bodily injury;
>
> *Third*: That this happened in the State and District of New Mexico on or about April 7, 2007;
>
> *Fourth*: The Defendant is an Indian; and
>
> *Fifth*: That the site of the alleged assault is located in Indian Country.

(R. v. 1 at 11.) See also United States v. Zunie, 444 F.3d 1230, 1233 (10th Cir. 2006).

On appeal, Mutte asserts there was insufficient evidence on the first two elements.

## A. Evidence that Mutte assaulted Ghahate

The district court instructed jurors, without objection, that

> [a]n "assault" occurs if a person purposefully, knowingly, or recklessly causes bodily injury to another. The term "assault" means any knowing attempt or threat to inflict injury upon someone else. An act or a failure to

2

act is "knowingly" done, if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

(R. v. 1 at 11.) Because assault resulting in serious bodily injury is a general intent crime, "[i]t is not necessary that defendant have assaulted the victim with the intent to do serious bodily harm – the resulting serious bodily injury coupled with the general intent to assault is sufficient to satisfy the elements of the felony." United States v. Benally, 146 F.3d 1232, 1237 (10th Cir. 1998).

Ghahate's testimony - that while she and Mutte were watching television and doing laundry, Mutte hit and kicked her repeatedly, eventually breaking her ankle - provided sufficient evidence to support the jury's finding beyond a reasonable doubt that Mutte assaulted Ghahate. Mutte argues that the other evidence presented at trial did not corroborate Ghahate's testimony. But there was corroborating evidence from Ghahate's sister and Mutte's mother. In any event, this court, on appeal, cannot "weigh conflicting evidence or consider witness credibility." King, 632 F.3d at 650. Therefore, Ghahate's testimony alone was sufficient to support the jury's finding beyond a reasonable doubt that Mutte assaulted her.

## B. Evidence of serious bodily injury

The jury also had to find beyond a reasonable doubt that Ghahate suffered serious bodily injury as a result of the assault. Regarding that element of the offense, the district court instructed jurors, without objection, "that the term 'serious bodily injury,' as used in these instructions, means bodily injury which involves (a) extreme physical pain,

3

(b) protracted and obvious disfigurement, or (c) protracted loss or impairment of the function of a bodily member, organ, or mental faculty." (R. v. 1 at 11-12.) See also United States v. Tindall, 519 F.3d 1057, 1060-61 (10th Cir. 2008); United States v. Alexander, 447 F.3d 1290, 1299 (10th Cir. 2006). Mutte concedes that a broken ankle is a "serious bodily injury." Under the facts of this case, we agree. Ghahate's ankle was broken in three places, requiring surgery and three months' rehabilitation to repair. Cf. United States v. Brown, 50 F. App'x 970, 972-73, 976-78 (10th Cir. 2002) (unpublished) (holding there was sufficient evidence from which a reasonable jury could find defendants assaulted the victim, resulting in "serious bodily injury," where victim testified that defendants pushed him to the ground, resulting in an open ankle fracture).

Mutte essentially argues that there was insufficient evidence that his assault caused the broken ankle. However, Ghahate testified that her ankle broke when Mutte kicked at her and she simultaneously kicked back in self-defense. This is sufficient to support a finding that Mutte's assault resulted in Ghahate's broken ankle. Although Mutte's mother testified that Mutte admitted to hitting Ghahate but not kicking her, the jury was not required to credit this version of events. Cf. United States v. Long Feather, 299 F.3d 915, 917 (8th Cir. 2002) (stating that the jury was entitled to disbelieve the defendant's self-serving testimony that he kicked the victim in the shoulder but not in the head, and, therefore, could not have delivered the blow that killed the victim).

There was, then, sufficient evidence from which a reasonable jury could have found beyond a reasonable doubt that Mutte assaulted Ghahate and that the assault

4

resulted in serious bodily injury.

## II. PROSECUTOR'S CLOSING ARGUMENT

Mutte next argues that the prosecutor misstated the law during his closing argument. Because Mutte never raised this particular objection to the district court, this court reviews for plain error. See United States v. Hall, 625 F.3d 673, 685 (10th Cir. 2010).[1] "Plain error occurs when there is (i) error, (ii) that is plain, which (iii) affects the defendant's substantial rights, and which (iv) seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. at 684 (quotation, alteration omitted). "When evaluating allegedly inappropriate remarks of counsel for plain error, we must view the remarks in the context of the entire trial." United States v. Lopez-Medina, 596 F.3d 716, 738 (10th Cir. 2010) (quotation omitted).

Mutte argues that the prosecutor misstated the law, but Mutte does not explain exactly how. After our own review of the prosecutor's closing argument in its entirety, we conclude there was no error, plain or otherwise. In light of the evidence presented to the jury, the prosecutor could properly argue that Mutte perpetrated one continuing assault against Ghahate over the course of less than an hour, notwithstanding that he

---

[1] In the district court, Mutte raised a different objection to the prosecutor's closing argument. That was not sufficient, however, to preserve the specific issue he raises now on appeal. See United States v. Gonzalez-Montoya, 161 F.3d 643, 650 (10th Cir. 1998). But even if we considered Mutte's objection made at trial to be sufficient to preserve the argument he now makes on appeal, plain-error review would still be warranted because, in response to the objection Mutte raised at trial, the district court gave the jury a cautionary instruction to which Mutte did not object. See United States v. Taylor, 514 F.3d 1092, 1095-97 (10th Cir. 2008).

stopped the attack for a few minutes to take his belongings out of the house to his truck. And when the prosecutor addressed the second element of the offense, that the assault resulted in serious bodily injury, the prosecutor's argument properly focused only on Ghahate's broken ankle, and not on any other cuts and bruises she may have suffered during the assault as a whole.

## III.  CONCLUSION

For the foregoing reasons, we AFFIRM Mutte's conviction for assault resulting in serious bodily injury.


ENTERED FOR THE COURT


David M. Ebel
Circuit Judge

6